UNITED STATES of America, Plaintiff-Appellee,

v.

Leroy EADDY, Defendant-Appellant.

No. 77–5004.

United States Court of Appeals, Sixth Circuit.

Argued June 4, 1977.

Decided Sept. 1, 1977.

Rehearing Denied Nov. 15, 1977.

Martin G. Deutch, Southfield, Mich. (Court appointed CJA), for defendant-appellant.

Philip M. VanDam, U. S. Atty., C. A. Andreoff, Asst. U. S. Atty., Detroit, Mich., for plaintiff-appellee.

Before PHILLIPS, Chief Judge, PECK, Circuit Judge, and ZIRPOLI, District Judge.*

PHILLIPS, Chief Judge.

The principal issue on this appeal is whether the appellant was deprived of a speedy trial in violation of the Interstate Agreement on Detainers (the Agreement), 18 U.S.C.A. App. (1977). Because we are unable to determine the merits of this question on the record before us, we remand this case for further inquiry.

I.

On June 19, 1975, defendant-appellant, Leroy Eaddy, was indicted under 18 U.S.C. § 2113(a) for the unarmed robbery of a branch office of the Manufacturers National Bank of Dearborn Heights, Michigan. At the time of his indictment, Eaddy was in the custody of the State of Michigan on an unrelated charge. On June 20, 1975, the district court issued the first in a series of writs of habeas corpus ad prosequendum. The June 20 writ directed the warden of the State Prison of Southern Michigan at Jackson, Michigan, to release Eaddy into federal custody so that Eaddy might be arraigned on the bank robbery charges in Detroit. The district court docket sheet reflects that Eaddy appeared before the court on June 27, that he stood mute and a plea of not guilty was entered on his behalf. The docket sheet contains the further entry: "Detainer noted only." The government states in its brief on this appeal that ". . . a detainer was lodged against the defendant." At oral argument before this court government counsel essentially recanted the version of the facts stated in the brief and informed this court that there is nothing in the record showing whether a detainer was filed against defendant.

---

* Honorable Alfonso J. Zirpoli, Senior Judge, United States District Court for the Northern District of California, sitting by designation.

After arraignment, Eaddy was returned to the custody of the State of Michigan at the Jackson State Prison and the bank robbery case was set for trial by the district court on September 16, 1975. On July 29, 1975, Eaddy moved the district court for a court-ordered line-up. A second writ of habeas corpus ad prosequendum issued and Eaddy appeared before the district court on September 22, 1975. The court denied the motion for line-up and Eaddy was retained in federal custody in Detroit pending a re-scheduled trial date of September 30.

Eaddy could not be tried on September 30 because of docket congestion in the district court. The case was reset for trial on November 5, 1975, and Eaddy returned to Jackson State Prison. On November 3, 1975, a third writ of habeas corpus ad prosequendum issued. Eaddy was taken to Detroit, again the trial was postponed and again Eaddy was returned to Michigan custody at Jackson.

On March 10, 1976, defense counsel filed a motion to dismiss the indictment on the ground of prejudicial delay in bringing the defendant to trial. The motion was set for June 28, 1976, and a fourth writ issued. At the hearing on June 28, the district court denied the motion to dismiss, and on July 2, 1976, defendant's jury trial commenced. A guilty verdict was returned on July 8 and Eaddy was given a twenty year sentence to commence at the conclusion of his state sentence. Eaddy appeals.

## II.

Five issues are raised on this appeal:

1) Whether defendant was deprived of a speedy trial in violation of the Interstate Agreement on Detainers?

2) Whether defendant was deprived of a speedy trial in violation of the sixth amendment?

3) Whether defendant was deprived of effective assistance of counsel?

4) Whether the district court abused its discretion in limiting cross-examination of a bank customer who identified defendant at trial?

5) Whether the district court considered inaccurate information in the presentence report to the defendant's prejudice?

■ Upon consideration of the record and the arguments of counsel, we find defendant's third, fourth and fifth issues to be wholly without merit. We also reject the second contention. At the hearing on the motion to dismiss, the district court found that the defendant had failed to demonstrate any prejudice caused by the government's delay in bringing him to trial. Our review of the facts indicates no error in this finding. We hold that defendant's sixth amendment contentions are also without merit under the balancing test articulated in *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). *See United States v. Roberts,* 548 F.2d 665 (6th Cir. 1977).

Defendant's contentions regarding the Interstate Agreement on Detainers present a more serious question. Defendant's trial commenced some twelve and one-half months after he was first transferred from Michigan custody to federal custody pursuant to a writ of habeas corpus ad prosequendum. Defendant argues, for the first time on this appeal, that his trial was in violation of his speedy trial rights under Articles IV(c)[1] and IV(e)[2] of the Agreement.

1. Article IV(c), 18 U.S.C.A. App. (1977), reads:
"(c) In respect of any proceeding made possible by this article, trial shall be commenced within one hundred and twenty days of the arrival of the prisoner in the receiving State, but for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance.

2. Article IV(e), 18 U.S.C.A. App. (1977), reads:
"(e) If trial is not had on any indictment, information, or complaint contemplated hereby prior to the prisoner's being returned to the original place of imprisonment pursuant to article V(e) hereof, such indictment, information, or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice.

■ The government insists at the threshold that Eaddy has waived any objections to his conviction based on the Agreement by failing to assert the Agreement before the district court. We disagree. Article IX of the Agreement states that the compact "shall be liberally construed so as to effectuate its purposes." The Agreement contains no provision requiring a defendant to raise the time limits found in the Agreement prior to trial in order to receive the protections afforded thereby. Without reference to action by a defendant, Article IV(e) of the Agreement (note 2, *supra*) states that an indictment "shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice" in the event that certain provisions of the Agreement are violated.

The government argues that Fed.R. Crim.P. 12[3] precludes defendant from raising this detainer claim for the first time on appeal. Faced with a similar argument in *United States v. Cyphers,* 556 F.2d 630, 634 (2d Cir. 1977), the Second Circuit appropriately noted: "While the policies underlying Rule 12(f) are helpful guides, they are not determinate in construing a statute." In the instant case Eaddy moved the district court for dismissal of the indictment on speedy trial grounds (although he did not specifically plead the Interstate Agreement). *See United States v. Ford,* 550 F.2d 732, 742 (2d Cir. 1977). It was amply demonstrated at oral argument that there is confusion in this case as to whether a formal detainer under the Agreement was filed against the defendant so as to trigger his speedy trial rights thereunder. There is no showing that the defendant was aware of a detainer at the time of trial, or that defendant slept on his rights through lack of diligence. *See Cyphers, supra* at 635. *But see United States v. Scallion,* 548 F.2d 1168, 1174 (5th Cir. 1977). On these facts we hold that Eaddy may raise the Interstate Agreement for the first time on appeal to this court.

■ Turning to the merits, the briefs of the parties address the question whether a writ of habeas corpus ad prosequendum is a detainer for purposes of the Interstate Agreement. In a decision filed after argument in this case, this court held that a writ of habeas corpus ad prosequendum is not a "detainer" as that term is used in the Agreement. *United States v. Ridgeway,* 558 F.2d 357 (6th Cir. 1977). If no formal detainer was filed against defendant and if the government obtained custody of the defendant solely through a series of writs of habeas corpus ad prosequendum issued by the district court, then defendant's contentions that his trial violated the Interstate Agreement on Detainers are disposed of by our decision in *Ridgeway* and are without merit.

We are unable to determine whether a formal detainer was filed against defendant on the record before us. As the court recognized in *United States v. Ford, supra,* 550 F.2d at 736, if a detainer was filed against defendant, the Agreement would apply and

---

3. Fed.R.Crim.P. 12 reads in pertinent part as follows:

**(b) Pretrial Motions.** Any defense, objection, or request which is capable of determination without the trial of the general issue may be raised before trial by motion. Motions may be written or oral at the discretion of the judge. The following must be raised prior to trial:

(1) Defenses and objections based on defects in the institution of the prosecution; or

(2) Defenses and objections based on defects in the indictment or information (other than that it fails to show jurisdiction in the court or to charge an offense which objections shall be noticed by the court at any time during the pendency of the proceedings); or

(3) Motions to suppress evidence; or

(4) Requests for discovery under rule 16; or

(5) Requests for a severance of charges or defendants under Rule 14.

\* \* \* \* \* \*

**(f) Effect of failure to raise defenses or objections.** Failure by a party to raise defenses or objections or to make requests which must be made prior to trial, at the time set by the court pursuant to subdivision (c), or prior to any extension thereof made by the court, shall constitute waiver thereof, but the court for cause shown may grant relief from the waiver.

inquiry must be made to determine whether defendant's speedy trial rights under the Agreement were violated. It would be premature for this court to express an opinion on the latter question. We choose instead the course outlined in this court's opinion in *Stroble v. Egeler,* 547 F.2d 339 (6th Cir. 1977). We remand this case to the district court to determine, on the basis of an evidentiary hearing or otherwise: (1) whether a detainer was filed against the defendant; and (2) if a detainer was filed, whether the defendant was denied his speedy trial rights under the provisions of the Interstate Agreement.

Accordingly, we hold that defendant's contentions on this appeal are without merit except insofar as he has raised questions under the Interstate Agreement on Detainers which are not resolved by the record before us. We remand this case for further inquiry into the detainer questions as indicated herein.