STATE OF NEBRASKA, APPELLEE, V.
SHANNON E. WILLIAMS, APPELLANT.
573 N.W. 2d 106

Filed December 19, 1997.    No. S-97-029.

Steven J. Lefler and Frederick D. Franklin, of Lefler & Franklin Law Office, for appellant.

Robert Francis Cryne, Deputy Douglas County Attorney, for appellee.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

GERRARD, J.

On April 11, 1994, the U.S. District Court for the District of Nebraska sentenced Shannon E. Williams to 168 months in the U.S. penitentiary at Leavenworth, Kansas, for conspiracy to distribute and possession with intent to distribute cocaine base. On December 12, 1995, while Williams was serving his sentence, a sealed arrest warrant was issued in Nebraska for his arrest. Williams was transferred from the federal penitentiary to Nebraska on January 12, 1996. On February 1, an information was filed in Douglas County District Court, charging Williams with first degree murder, use of a firearm to commit a felony, possession of a firearm by a felon, and conspiracy to commit first degree murder. On May 29, Williams filed a motion to dismiss with prejudice, alleging that the State had failed to bring him to trial within 120 days from the date of his arrival in Nebraska, pursuant to the interstate Agreement on Detainers (Agreement), Neb. Rev. Stat. § 29-759 (Reissue 1995). Following an evidentiary hearing on the matter, the district court on December 9 overruled the motion, finding that Williams was transferred to Nebraska pursuant to a writ of habeas corpus ad prosequendum, rather than a detainer, and that, as a consequence, the 120-day speedy trial provision of the Agreement was inapplicable. Despite this conclusion, the district court further found that Williams' right to a speedy trial under the Agreement had not been violated. Because we determine that the district court was not clearly wrong when it concluded that a detainer was never filed with the federal prison and that only a writ of habeas corpus ad prosequendum was issued to secure Williams' presence in Nebraska, we affirm the judgment of the district court.

FACTUAL BACKGROUND

On December 12, 1995, while Williams was serving a 168-month sentence in the U.S. penitentiary at Leavenworth,

Kansas, a sealed arrest warrant was issued in the State of Nebraska. To initiate the transfer of Williams to Nebraska from the federal penitentiary, the State, on December 29, completed documents entitled "Evidence of Agents' Authority to Act for Receiving State" and "Prosecutor's Certification." The State sent the documents by facsimile transmission on January 2, 1996, to Shari McKee, the inmate systems supervisor at the federal penitentiary. Within the body of the "Evidence of Agents' Authority to Act for Receiving State," it was noted that three particular officers of the Omaha Police Division would take Williams into custody at the federal penitentiary on or between January 5 and 8, 1996, to appear as a defendant in a trial in Nebraska, and a reference was made to article V(b) of the Agreement.

On January 3, 1996, the Douglas County District Court issued a writ of habeas corpus ad prosequendum, which was subsequently forwarded to the penitentiary. Two days later, Joe White, the inmate systems manager at the federal penitentiary, wrote a memorandum to the warden requesting permission to release Williams to Nebraska on a state writ ad testificandum to appear as a defendant in a trial. The warden approved the release, and White, on January 11, completed a "Release Authorization" form for the release of Williams on January 12, pursuant to a state writ. The box on this form marked "Detainer" was specifically checked "No." On January 12, an officer from the Omaha Police Division signed the "Release Authorization," took custody of Williams, and transferred him to Nebraska. The State filed an information in Douglas County District Court on February 1, charging Williams with first degree murder, use of a firearm to commit a felony, possession of a firearm by a felon, and conspiracy to commit first degree murder.

On May 29, 1996, Williams filed a motion to dismiss with prejudice, alleging that the State had failed to bring him to trial within 120 days from the date of his arrival on January 12 in Nebraska, pursuant to the Agreement. At the evidentiary hearing on the matter, McKee, the inmate systems supervisor, testified that Williams was transferred to Nebraska pursuant to a state writ, rather than a detainer. McKee further testified that

she had a telephone conversation with the Deputy Douglas County Attorney, who was acting on behalf of the State, about the procedures that needed to be followed to obtain a prisoner on a state writ, which included completing the document entitled "Evidence of Agents' Authority to Act for Receiving State." McKee stated that federal prison officials require the document to inform the prison of the names of the officers who would be transferring the prisoner. The Deputy Douglas County Attorney also testified at the hearing that he did not file a detainer with the penitentiary because he and the Omaha Police Division did not want Williams to have the benefit of a notice requirement, as mandated by the Agreement, for fear he would make efforts to contact potential witnesses to threaten, intimidate, or harm them.

Following the evidentiary hearing, the district court, on December 9, 1996, overruled Williams' motion to dismiss, finding that Williams was transferred to Nebraska pursuant to a writ of habeas corpus ad prosequendum, rather than a detainer, and that, as a result, the 120-day speedy trial provision of the Agreement was inapplicable. Nevertheless, the district court went on to conclude that Williams' right to a speedy trial under the Agreement was not violated. Williams appeals directly from the denial of his motion to dismiss.

## SCOPE OF REVIEW

In ruling on a motion to dismiss with prejudice based on alleged violations of the Agreement, it is proper for the trial court to hold a pretrial evidentiary hearing to determine whether a detainer was filed against the defendant and, if a detainer was filed, to determine whether the provisions of the Agreement were violated. See *United States v. Eaddy*, 563 F.2d 252 (6th Cir. 1977). When the trial court makes pretrial factual determinations regarding the application of provisions of the Agreement, its findings of fact will not be disturbed on appeal unless clearly wrong. See, e.g., *State v. LeGrand*, 249 Neb. 1, 541 N.W.2d 380 (1995).

## ASSIGNMENTS OF ERROR

Williams assigns that the district court erred in finding that (1) Williams was transferred to Nebraska pursuant to a writ of

habeas corpus ad prosequendum, rather than a detainer, and that, as a result, the 120-day speedy trial provision of the Agreement was inapplicable and (2) Williams' right to a trial within 120 days from the date of his arrival in Nebraska, pursuant to the Agreement, was not violated.

## ANALYSIS

The Agreement provides the procedure whereby persons who are imprisoned in one state or by the United States, and who are also charged with crimes in another state or by the United States, can be tried expeditiously for the pending charges while they are serving their current sentences, in order to avoid prolonged interference with rehabilitation programs. Article I of the Agreement; *State v. Harper*, 2 Neb. App. 220, 508 N.W.2d 584 (1993). Because the Agreement is a congressionally sanctioned interstate compact, it is a federal law subject to federal construction. *Cuyler v. Adams*, 449 U.S. 433, 101 S. Ct. 703, 66 L. Ed. 2d 641 (1981). Thus, U.S. Supreme Court interpretations of the Agreement are binding upon state courts.

Articles IV and V of the Agreement, the provisions at issue in the instant case, provide the procedures by which the authorities in the state where the charges are pending, the receiving state, may initiate the process whereby a prisoner is transferred to the receiving state for trial on the pending charges. See *State v. Reynolds*, 218 Neb. 753, 359 N.W.2d 93 (1984). Pursuant to article IV(c) of the Agreement, the trial on the pending charges must be commenced within 120 days from the date of the prisoner's arrival in the receiving state; however, for good cause shown, a court is authorized to grant any necessary or reasonable continuance. Article V(c) of the Agreement provides that if the trial is not commenced within 120 days, absent a continuance, the court is required to enter an order dismissing the charges with prejudice.

Williams asserts that he was transferred to Nebraska pursuant to a detainer on January 12, 1996, and that he was not brought to trial within 120 days from the date of his arrival in Nebraska. Williams claims that either the issuing of the sealed arrest warrant on December 12, 1995, or the sending of the document entitled "Evidence of Agents' Authority to Act for Receiving

State" to the federal penitentiary on January 2, 1996, constituted a filing of a detainer and that, thus, the 120-day speedy trial provision of the Agreement is applicable. Conversely, the State contends, as the district court found, that it never filed a detainer with the penitentiary; rather, Williams was transferred to Nebraska pursuant to a writ of habeas corpus ad prosequendum, and that, as a result, the 120-day speedy trial provision of the Agreement is inapplicable. Therefore, we must determine whether the arrest warrant or the "Evidence of Agents' Authority to Act for Receiving State" constitutes a detainer within the purview of the Agreement, thereby rendering applicable the 120-day speedy trial provision of the Agreement.

Before addressing Williams' assignments of error, we must decide whether the district court's order overruling Williams' motion to dismiss with prejudice is a final, appealable order, since it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. See *State v. Gibbs, ante* p. 241, 570 N.W.2d 326 (1997).

## FINAL ORDER

While we have never directly addressed the question of whether a ruling on a motion to dismiss with prejudice based on an alleged violation of a criminal accused's speedy trial rights under the Agreement constitutes a final, appealable order, we recently held in *State v. Jacques, ante* p. 247, 570 N.W.2d 331 (1997), and *State v. Gibbs, supra,* that a denial of a motion for absolute discharge for failure to provide a speedy trial under the Nebraska Speedy Trial Act, Neb. Rev. Stat. §§ 29-1207 and 29-1208 (Reissue 1995), is a final, appealable order. In so holding, we reasoned in *State v. Gibbs, ante* at 245, 570 N.W.2d at 326, that

> [i]nasmuch as § 29-1207 confers a right to a speedy trial and § 29-1208 authorizes a special application to a court to enforce it, a ruling on a motion for absolute discharge based upon an accused criminal's nonfrivolous claim that his or her speedy trial rights were violated is a ruling affecting a substantial right made during a special proceeding and is therefore final and appealable.

Similarly, article IV(c) of the Agreement confers upon a criminal accused the substantial right to a speedy trial within

120 days, and article V of the Agreement authorizes a special application to a court to enforce that right by requiring a court to dismiss the charges with prejudice. Based on our reasoning in *State v. Gibbs, supra*, we likewise hold that a ruling denying Williams' motion to dismiss with prejudice for failure to bring him to trial within 120 days from the date of his arrival in Nebraska pursuant to the Agreement is a final, appealable order. See, also, *State v. Nearhood*, 2 Neb. App. 915, 518 N.W.2d 165 (1994) (holding that ruling with regard to 180-day speedy trial provision in article III of Agreement was final, appealable order). Accordingly, we have jurisdiction over this appeal.

### METHOD OF TRANSFER

The speedy trial provisions of the Agreement are triggered only when a detainer is filed with the state where an individual is a prisoner by the state having untried charges pending against the individual. *State v. Reynolds*, 218 Neb. 753, 359 N.W.2d 93 (1984). Although the Agreement does not define "detainer," it is generally recognized that a detainer is a notification filed with the institution in which an individual is serving a sentence, advising the prisoner that he is wanted to face criminal charges pending in another jurisdiction. *United States v. Mauro*, 436 U.S. 340, 98 S. Ct. 1834, 56 L. Ed. 2d 329 (1978); *State v. Reynolds, supra.* More specifically, a detainer is "a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking the institution either to hold the prisoner for the agency [after his release] or to notify the agency when release of the prisoner is imminent." *Carchman v. Nash*, 473 U.S. 716, 719, 105 S. Ct. 3401, 87 L. Ed. 2d 516 (1985).

A state writ of habeas corpus ad prosequendum, seeking the immediate delivery of a prisoner for trial on criminal charges, does not constitute a detainer within the meaning of the Agreement. See *United States v. Mauro, supra* (holding that federal writ of habeas corpus ad prosequendum, seeking delivery of state prisoner for trial on criminal charges, was not detainer). A writ of habeas corpus ad prosequendum is a common-law writ issued by a court, ordering the immediate removal of a prisoner from incarceration so that he can be brought to another jurisdiction to stand trial on charges for crimes com-

mitted within that jurisdiction. See *Carbo v. United States*, 364 U.S. 611, 81 S. Ct. 338, 5 L. Ed. 2d 329 (1961); 39 Am. Jur. 2d *Habeas Corpus* § 2 (1968) (citing *State v. Heisler*, 95 Ariz. 353, 390 P.2d 846 (1964)). In Nebraska, writs of habeas corpus ad prosequendum have been and continue to be a traditional way of securing the presence of a prisoner located in another jurisdiction. See *Hawk v. State*, 151 Neb. 717, 39 N.W.2d 561 (1949), *cert. denied* 339 U.S. 923, 70 S. Ct. 612, 94 L. Ed. 1346 (1950). Federal prisons, such as the prison in Leavenworth, Kansas, are authorized to "consider a request made on behalf of a state or local court that an inmate be transferred to the physical custody of state or local agents pursuant to state writ of habeas corpus *ad prosequendum* . . . ." 28 C.F.R. § 527.30 (1997).

The factual determination of whether Williams was transferred to Nebraska pursuant to a detainer or a writ of habeas corpus ad prosequendum depends upon whether the State intended to lodge a detainer, as evidenced by the testimony of the Deputy Douglas County Attorney and the documents he prepared to secure Williams' presence in Nebraska, as well as the subsequent actions of the federal penitentiary in releasing Williams into the custody of Nebraska officials. The evidence establishes that the State did not intend to lodge a detainer when transferring Williams to Nebraska. First, at the evidentiary hearing on the motion to dismiss, the Deputy Douglas County Attorney testified that he did not intend to file a detainer with the penitentiary on behalf of the State because he did not want Williams to have the benefit of a notice requirement, as mandated by the Agreement, for fear he would make efforts to contact potential witnesses to threaten, intimidate, or harm them.

In addition, the federal penitentiary's inmate systems supervisor, McKee, testified that Williams was transferred to Nebraska pursuant to a state writ of habeas corpus ad prosequendum, rather than a detainer. McKee further testified that she had a telephone conversation with the Deputy Douglas County Attorney about the procedures that needed to be followed to obtain a prisoner on a state writ, which included completing the document entitled "Evidence of Agents' Authority to Act for Receiving State." Even though the document made ref-

erence to article V(b) of the Agreement, McKee testified that federal prison officials require the document when releasing a prisoner pursuant to either a state writ or detainer in order to inform the prison of the names of the officers who would be transferring the prisoner. Indeed, as codified in the federal regulation, one of the requirements that must be satisfied before the warden can authorize the transfer of a federal inmate to a state agent pursuant to a state writ of habeas corpus ad prosequendum is that the state agency must inform the federal prison of the names of the state agents who will be assuming custody of the prisoner. 28 C.F.R. § 527.31(f) (1997).

It is evident that Leavenworth prison officials treated the "Evidence of Agents' Authority to Act for Receiving State" as a request for custody of Williams pursuant to a state writ, rather than a detainer. White, the inmate systems manager at the federal penitentiary, requested the warden's permission to release Williams to Nebraska on a state writ ad testificandum. After the warden approved the release, White completed a "Release Authorization" form which stated that Williams would be released to Nebraska officials pursuant to a state writ. Significantly, the box on this form marked "Detainer" was specifically checked "No." Furthermore, there is no evidence that the Leavenworth prison officials ever notified Williams that Nebraska had lodged a detainer against him on felony charges. Nor is there evidence that the prison officials advised Williams of his right to request a speedy and final disposition of these charges or provided Williams with the information and forms necessary to make such a request, as required by the Agreement. Rather, the evidence supports the conclusion that the prison officials were releasing Williams to Nebraska law enforcement officers pursuant to a state writ of habeas corpus ad prosequendum.

Although the State did not intend to file a detainer against Williams, Leavenworth prison officials nevertheless gained notice that charges were pending against Williams in Nebraska, prior to the issuance of the writ of habeas corpus ad prosequendum, when the State transmitted by facsimile the document entitled "Evidence of Agents' Authority to Act for Receiving State" to prison officials at Leavenworth. This document stated that Williams

[would] be taken into custody at [the Leavenworth penitentiary] on or between January 5, 1996[,] and January 8, 1996[,] for the return to the County of Douglas, State of Nebraska, for trial. In accordance with Article V(b), of said Agreement . . . [names of three officers] . . . [are designated] as [a]gents to return the prisoner.

However, mere notice of pending criminal charges is insufficient to invoke the provisions of the Agreement. *Tucker v. U.S.,* 569 A.2d 162 (D.C. App. 1990) (citing *United States v. Bamman,* 737 F.2d 413 (4th Cir. 1984), *cert. denied* 469 U.S. 1110, 105 S. Ct. 789, 83 L. Ed. 2d 783 (1985), and *State v. Bronkema,* 109 Idaho 211, 706 P.2d 100 (Idaho App. 1985)). Moreover, as required to constitute a detainer, this document did not request the penitentiary either to hold Williams for Nebraska after his release or to notify Nebraska when his release was imminent. See *Carchman v. Nash,* 473 U.S. 716, 105 S. Ct. 3401, 87 L. Ed. 2d 516 (1985).

Finally, Williams' assertion that the issuing of the sealed arrest warrant on December 12, 1995, prior to the issuance of the writ of habeas corpus ad prosequendum, constituted a lodging of a detainer is also without merit. Williams relies on *Tucker v. U.S., supra,* for the proposition that an arrest warrant will serve as a detainer if (1) it is based on an untried information, indictment, or complaint; (2) it is filed by a criminal justice agency; (3) it is filed directly with the facility where a prisoner is incarcerated; (4) it notifies prison officials that a prisoner is wanted to face pending charges; and (5) it asks the institution where the prisoner is incarcerated either to hold the prisoner at the conclusion of the prisoner's sentence or to notify agency officials when the prisoner's release is imminent.

Assuming without deciding that an arrest warrant can serve as a detainer, in applying the foregoing five criteria to the instant case, we are unable to conclude that the trial court was clearly wrong in determining that the issuing of the sealed arrest warrant did not constitute a lodging of a detainer. Even though the record reveals that the trial court did take judicial notice of the files and records of the pending case, as requested by defense counsel, the sealed arrest warrant was not made a part of the record before us on appeal. Thus, we cannot determine

whether the arrest warrant was filed directly with the federal penitentiary or whether the arrest warrant asked the federal penitentiary to hold Williams at the conclusion of his sentence or to notify Nebraska when Williams' release was imminent. It is incumbent upon the party appealing to present a record which supports the errors assigned; absent such a record, as a general rule, the decision of the lower court is to be affirmed. *Allphin v. Ward, ante* p. 302, 570 N.W.2d 360 (1997); *State v. Price*, 252 Neb. 365, 562 N.W.2d 340 (1997). Therefore, in the absence of a record that supports Williams' assertions, we affirm the district court's determination that the issuing of the sealed arrest warrant did not constitute a lodging of a detainer in the instant case.

## CONCLUSION

For the foregoing reasons, we conclude that the trial court was not clearly wrong in finding that Williams was transferred to Nebraska pursuant to a writ of habeas corpus ad prosequendum, rather than a detainer, and that, as a result, the 120-day speedy trial provision of the interstate Agreement on Detainers was inapplicable. Thus, both of Williams' assigned errors are without merit. The judgment of the district court is affirmed.

AFFIRMED.