2008 UT App 250

**STATE of Utah, Plaintiff and Appellee,**

v.

**Fred L. BARNEY, Defendant and Appellant.**

No. 20060767–CA.

Court of Appeals of Utah.

June 26, 2008.

Margaret P. Lindsay, Orem, for Appellant.

Mark L. Shurtleff and Ryan D. Tenney, Salt Lake City, for Appellee.

Before Judges BENCH, BILLINGS, and ORME.

OPINION

BENCH, Judge:

¶ 1 Defendant Fred L. Barney appeals from a conditional plea of no contest to one count of theft and one count of attempted burglary. We affirm because Defendant was properly afforded a speedy disposition of the

pending charges against him pursuant to the Interstate Agreement on Detainers (the IAD). *See* Utah Code Ann. § 77–29–5 (2003).

## BACKGROUND

¶ 2 Defendant began serving a ten-year sentence in the Montana State Prison (the Prison) in October 2003. In April 2005, Defendant became eligible for release to a halfway house. His release was canceled, however, when the Prison officials checked with the National Crime Information Center (NCIC) and discovered that a Utah warrant (the Warrant) had been issued against Defendant in 2002 for theft and burglary.

¶ 3 In October and November 2005, Defendant sent letters to the district court in Provo, Utah, requesting disposition of any charges pending against him.[1] On December 8, 2005, the Utah County Sheriff's Office sent a letter, along with a copy of the Warrant, to the Prison asking it to, inter alia, "place a hold [on Defendant]." The Prison officials sent a letter back to Utah acknowledging that Utah's detainer had been logged in its files. On January 23, 2006, Defendant requested that the Prison file an Agreement on Detainers Form with the district court in Utah and request a speedy disposition of the theft and burglary charges. The Prison processed and finalized Defendant's request on January 30, 2006, and the proper documents were sent to the district court and the prosecutor on February 6, 2006.

¶ 4 Eventually, after Defendant had been transported to Utah, the district court set June 15, 2006, as the trial date. Defendant filed a motion to dismiss, arguing that the State violated his rights by not bringing him to trial within 180 days of his request for disposition. Defendant claimed that the Warrant constituted a detainer under the IAD and that his October and November letters were sufficient to start the running of the State's 180 days. The district court denied the motion to dismiss, ruling that the Warrant was not an IAD detainer and, in any event, that Defendant had not substantially complied with the IAD in October and November. Defendant then pleaded no contest to the theft and attempted burglary charges, reserving his right to appeal the denial of his motion to dismiss.

## ISSUE AND STANDARD OF REVIEW

¶ 5 All of Defendant's claims stem from the idea that the Warrant was an IAD detainer and that the State failed to timely prosecute him under the terms of the IAD. We must therefore review the trial court's interpretation of what constitutes a detainer under the IAD. We review a trial court's statutory interpretation for correctness, granting no deference to the trial court's decision. *See State v. Norton*, 2003 UT App 88, ¶ 9, 67 P.3d 1050.

## ANALYSIS

¶ 6 Defendant argues that the Warrant was a detainer under the IAD and that his original requests for disposition in October or November 2005 triggered the 180 days by which the State needed to bring him to trial. The IAD "is a compact among 48[s]tates, the District of Columbia, and the [f]ederal government," which "enables a participating [s]tate to gain custody of a prisoner incarcerated in another jurisdiction, in order to try him on criminal charges." *Reed v. Farley*, 512 U.S. 339, 341, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994); *see also* Utah Code Ann. § 77–29–5 (2003) (codifying Utah's enactment of the IAD).[2] The IAD provides that:

Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever ... there is pending in any other party state any untried indictment ... on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within 180 days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdic-

---

1. The October documents are missing from the district court's file, and the prosecutor has no record of receiving them. The prosecutor also has no record of any mailings from Defendant in the month of November.

2. Montana has also enacted the IAD. *See* Mont. Code Ann. § 46–31–101 (2007).

tion written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment. . . . Utah Code Ann. § 77–29–5, art. III (2003).

¶ 7 "A detainer is a *notice to prison officials* that a prisoner in their custody faces charges pending in another state." *State v. Stilling*, 770 P.2d 137, 140 (Utah 1989) (emphasis added). The lodging of a detainer against an out-of-state prisoner "is an informal process" that does not require either the requesting state to pursue custody or the state in which the prisoner is incarcerated to effect any transfer. *See id.* However, "a detainer must be lodged against the prisoner *before* he can invoke [the protections of the IAD's] article III." *State v. Martin*, 765 P.2d 854, 856 (Utah 1988) (emphasis added). Although Utah courts have not directly defined what constitutes a detainer, multiple courts, including the United States Supreme Court, have stated that "[a] detainer is a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking the institution to either hold the prisoner for the agency or to notify the agency when release of the prisoner is imminent." *Carchman v. Nash*, 473 U.S. 716, 719, 105 S.Ct. 3401, 87 L.Ed.2d 516 (1985); *see also, e.g., Fex v. Michigan*, 507 U.S. 43, 44, 113 S.Ct. 1085, 122 L.Ed.2d 406 (1993); *Tucker v. United States*, 569 A.2d 162, 164–65 (D.C. 1990); *State v. Welker*, 127 Wash.App. 222, 110 P.3d 1167, 1170 (2005); *cf. People v. Hood*, 223 Ill.App.3d 157, 164 Ill.Dec. 851, 583 N.E.2d 1173, 1176 (1991) (stating that an arrest warrant was not a detainer because it was not filed with the institution in which the prisoner was imprisoned); *State v. Williams*, 253 Neb. 619, 573 N.W.2d 106, 113 (1997) (stating that an arrest warrant was not a detainer because it did not request the penitentiary to either hold the prisoner or notify Nebraska when his release was imminent).

¶ 8 Here, Defendant claims that the letters he sent to the district court and the prosecutor in October and November 2005 properly invoked his right to a trial on the theft and burglary charges within 180 days. However, as of November 2005, Utah had not lodged a detainer against Defendant. There was no detainer at that time because the Warrant was not sent to the Prison and Utah officials had not requested that the Prison either hold Defendant or inform them when his release was imminent. As of October and November 2005, the Prison officials knew of the Warrant because they learned of it by chance while searching the NCIC database. Despite the Prison officials' knowledge of the Warrant, out-of-state prisoners can invoke their IAD rights only after a detainer has been lodged against them. *See Martin*, 765 P.2d at 856. Defendant's 2005 attempts to start the running of the 180 days were therefore ineffectual because Utah had not yet filed a detainer with the Prison.[3]

¶ 9 Defendant did ultimately invoke his rights to a disposition within 180 days after Utah actually lodged a detainer against him. On January 23, 2006, Defendant requested that his warden send the necessary paperwork. The warden finalized the paperwork on January 30, 2006, and the State represents that the paperwork was sent by the Prison on February 6, 2006. The record is unclear as to the date the prosecutor and the district court actually received Defendant's request, which is the key date. *See* Donald M. Zupanec, Annotation, *Interstate Agreement on Detainers Act*, 98 A.L.R.3d 160 § 15[a] (1980) (stating that the critical date is the date on which the prosecutor and trial court receive an out-of-state prisoner's request for speedy disposition). Despite the lack of an exact date of receipt, Defendant's trial date of June 15, 2006, fell well within 180 days of when Defendant "caused [his request] to be delivered to the prosecuting officer and the appropriate court." Utah Code Ann. § 77–29–5, art. III.

## CONCLUSION

¶ 10 Utah first lodged a detainer against Defendant on December 8, 2005. The Warrant discovered by the Prison in the NCIC

---

3. We need not address Defendant's argument that his October and November 2005 letters substantially complied with the requirements of the IAD. Our determination that the Warrant was not a detainer renders this argument meaningless because the absence of a detainer renders ineffective any attempt to invoke IAD rights.

database did not constitute a detainer under the IAD because it was not sent by Utah to the institution in which Defendant was incarcerated and did not include a request to hold Defendant or to notify Utah of his imminent release.  Therefore, the premature attempts by Defendant to request a speedy disposition before a detainer was lodged did not trigger the 180–day time limit for the State to bring him to trial.

¶ 11 We therefore affirm.

¶ 12 WE CONCUR: JUDITH M. BILLINGS and GREGORY K. ORME, Judges.