Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
10/31/2025 09:11 AM CDT

**State of Nebraska, appellee, v. Jason M.
Leatherwood, appellant.**

___ N.W.3d ___

Filed October 31, 2025.    No. S-24-919.

1. **Sentences: Appeal and Error.** Whether a defendant is entitled to credit for time served and in what amount are questions of law, subject to appellate review independent of the lower court.

2. **Statutes: Appeal and Error.** Statutory interpretation presents a question of law, which an appellate court reviews independently of the lower court.

3. **Sentences: Statutes.** The calculation and application of credit for time served is controlled by statute, and different statutes govern depending on whether the defendant is sentenced to jail or prison.

4. **Sentences.** Due to the mandatory "shall" language used in Neb. Rev. Stat. § 83-1,106(1) (Cum. Supp. 2024), the statute mandates that credit for time served must be given for time spent in custody on a charge when a prison sentence is imposed for a conviction of such charge.

5. **Sentences: Records.** The amount of credit for time served to which a defendant is entitled is an absolute and objective number that is established by the record, and courts have no discretion to grant a defendant more or less credit than is established by the record.

6. **Sentences: Records: Appeal and Error.** When a trial court gives a defendant more or less credit for time served than he or she is entitled to, that portion of the pronouncement of sentence is erroneous and may be corrected to reflect the accurate amount of credit as verified objectively by the record.

7. **Sentences: Records: Proof.** The party advocating for a specific jail credit calculation has the burden to provide the sentencing court with a record that establishes such calculation.

8. **Foreign Judgments: Sentences: Time.** Because credit under Neb. Rev. Stat. § 83-1,106(1) (Cum. Supp. 2024) can only be given once, an offender who is in custody as a result of a Nebraska charge, but

who is also in custody serving an unrelated sentence, is not entitled to credit under § 83-1,106(1) for time that has been credited toward the sentence.

Appeal from the District Court for Lancaster County: Jodi L. Nelson, Judge. Affirmed.

Abby Osborn, of Shiffermiller Law Office, P.C., L.L.O., for appellant.

Michael T. Hilgers, Attorney General, and Austin N. Relph, for appellee.

Funke, C.J., Miller-Lerman, Cassel, Stacy, Papik, Freudenberg, and Bergevin, JJ.

Funke, C.J.

## INTRODUCTION

The only matter for review and decision in this case is whether, under a writ of habeas corpus ad prosequendum, a prisoner who is "borrowed" from federal custody for purposes of prosecution and sentencing in the prisoner's state case is entitled to receive credit on the state charges for the time during which he or she is borrowed from federal custody. We determine that, under such circumstances, it is the charge associated with the primary jurisdiction holder that receives credit and not the charge associated with the borrowing jurisdiction. Accordingly, we affirm the order of the district court in this case.

## BACKGROUND

Prior to the events leading to this case, Jason M. Leatherwood was on federal supervised release for a previous crime. He had, however, absconded from supervised release, and a federal warrant was issued for his arrest. When Leatherwood was located in Lincoln, Nebraska, he was arrested on the federal warrant. During Leatherwood's arrest, officers located drugs and drug paraphernalia. A subsequent search of Leatherwood's

vehicle uncovered additional drugs. As a result, Leatherwood was charged with one count of possession of a controlled substance with the intent to deliver.

## CUSTODY TRANSFERS

Immediately following his arrest, Leatherwood was lodged at the Lancaster County jail. On September 19, 2022, Leatherwood was "[r]eleased to [an] outside agency" and transferred to another jail under federal custody. On November 14, Leatherwood was charged with the state drug-related offense, and an arrest warrant was issued shortly thereafter. Because Leatherwood was already in federal custody, the State subsequently filed an application for a writ of habeas corpus ad prosequendum on January 20, 2023, requesting temporary physical custody of Leatherwood from the federal government so that he could be prosecuted for his state charge. That same day, the writ was issued by a judge of the Lancaster County Court, directing that Leatherwood be transported accordingly. As such, Leatherwood was transported to, and held in, the Lancaster County jail from February 15, 2023, until he was sentenced in his state case on November 14, 2024, which totaled 638 days.

## SENTENCING IN STATE CASE

Prior to sentencing, counsel for Leatherwood sent a letter to the district court explaining that Leatherwood was also facing federal charges for violating his supervised release and that he was currently being borrowed from federal custody. Counsel admitted that he did not know whether Leatherwood's time served was applicable to his state or federal claims. Attached to counsel's letter were several email communications between the U.S. Marshals Service, an assistant federal public defender, and Leatherwood's state defense counsel. The emails reflected uncertainty as to whether Leatherwood was in state or federal custody and whether his time served should be applied to his state or federal case.

At sentencing, the district court acknowledged receipt of counsel's letter and noted that it would be incorporated into the presentence investigation report. Defense counsel requested that Leatherwood receive credit for time served. However, because neither counsel nor the district court could confidently determine a basis for such an award to be made, the court opted not to grant any credit for time served. In making this decision, the court, referring to the presentence investigation report, stated, "[O]ur jail says that . . . Leatherwood has been borrowed from the federal system, and claims there is no credit to . . . Leatherwood. I don't have anything else that tells me that he has credit that is attributable exclusively to this case that I can use."

Leatherwood was ultimately sentenced in state court to a term of 12 to 15 years' imprisonment. No credit for time served was awarded. Leatherwood's sentence was ordered to run consecutively to any other sentences being served.

Leatherwood appealed, and we moved the matter to our docket.[1]

## ASSIGNMENT OF ERROR

Leatherwood assigns that the district court erred in failing to give him credit for the 638 days he served in the Lancaster County jail.

## STANDARD OF REVIEW

[1] Whether a defendant is entitled to credit for time served and in what amount are questions of law, subject to appellate review independent of the lower court.[2]

[2] Statutory interpretation presents a question of law, which an appellate court reviews independently of the lower court.[3]

---

[1] Neb. Rev. Stat. § 24-1106(3) (Cum. Supp. 2024).

[2] *State v. Nelson*, 318 Neb. 484, 16 N.W.3d 883 (2025).

[3] *Id*.

## ANALYSIS

### Judicial Notice

We first address a request for judicial notice. Specifically, the State requests that we take judicial notice of the proceedings in Leatherwood's federal case following his sentencing in the state case. The State indicates that "Leatherwood's pending federal matter was put on hold until after resolution of his state case,"[4] but that following the imposition of the state sentence, Leatherwood was sentenced in his federal case, as well. The State further claims that because credit for time served was not awarded on the state charges, the federal court awarded the credit at the time of its sentencing. Based on this information, the State contends that although the issue of whether Leatherwood should receive credit in his state case may, at one point, have been unclear, such uncertainty no longer exists, because the later award of credit for time served in the federal case means the same credit cannot be given in the state case.

We see no need to take judicial notice of the federal proceedings because the law governing the issue in this case is clear, and resolution is reached without taking such judicial notice. Accordingly, we decline the State's invitation.

### Credit for Time Served

We now turn to address Leatherwood's assertion that the district court erred in declining to award him credit for time served. Leatherwood argues that he should receive 638 days of credit, which is the amount of time he spent in the Lancaster County jail while being borrowed from federal authorities for the purpose of awaiting trial on his state charges. The State makes no argument on this point beyond its contention that credit should not be awarded because it was, purportedly, awarded in the later federal sentence.

---

[4] Brief for appellee at 6.

The specific question at issue here is what impact a writ of habeas corpus ad prosequendum has on our analysis of credit for time served. "A writ of habeas corpus ad prosequendum is a common-law writ issued by a court, ordering the immediate removal of a prisoner from incarceration so that he [or she] can be brought to another jurisdiction to stand trial on charges for crimes committed within that jurisdiction."[5]

We last commented on this question in *State v. Castillo-Rodriguez*.[6] There, the defendant was arrested and charged with state crimes. Upon executing an appearance bond, the defendant was released from custody and subsequently arrested by federal officials and placed in custody. A writ of habeas corpus ad prosequendum was then issued requesting that the state be allowed to borrow the defendant for prosecution on the state charges. The parties disputed whether the subsequent time served should be credited to the state or federal proceedings.

In that case, however, a determination as to the significance of the writ was not necessary for the resolution of the matter. As such, we simply stated, "[t]his court has not yet addressed the legal effect, if any, a writ of habeas corpus ad prosequendum has on a defendant's entitlement to . . . credit [and] this case does not afford us a meaningful opportunity to explore that question . . . ."[7]

That opportunity, however, is now squarely before us, and we take the occasion to address the matter. In doing so, we determine that, because the federal authorities had primary jurisdiction over Leatherwood, and because the State was merely borrowing Leatherwood for purposes of prosecution and sentencing, any credit for time served is attributable only to his federal case.

---

[5] *State v. Williams*, 253 Neb. 619, 626-27, 573 N.W.2d 106, 111 (1997).

[6] *State v. Castillo-Rodriguez*, 313 Neb. 763, 986 N.W.2d 78 (2023).

[7] *Id*. at 775, 986 N.W.2d at 86.

The principles upon which we rely are not of recent origin. These are the principles traditionally guiding determinations of credit for time served and the principles of comity, which have previously been utilized in this jurisdiction,[8] as well as in many others. We review them now.

[3–7] In Nebraska, the calculation and application of credit for time served is controlled by statute, and different statutes govern depending on whether the defendant is sentenced to jail or prison.[9] For purposes of this case, the governing statute is Neb. Rev. Stat. § 83-1,106(1) (Reissue 2024), which provides as follows:

> Credit against the maximum term and any minimum term shall be given to an offender for time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. This shall specifically include, but shall not be limited to, time spent in custody prior to trial, during trial, pending sentence, pending the resolution of an appeal, and prior to delivery of the offender to the custody of the Department of Correctional Services, the county board of corrections, or, in counties which do not have a county board of corrections, the county sheriff.

Due to the mandatory "shall" language used in § 83-1,106(1), the statute mandates that credit for time served must be given for time spent in custody on a charge when a prison sentence is imposed for a conviction of such charge.[10] We have explained that under § 83-1,106, a court is required to award all available presentence credit, but only once.[11] The amount of credit for time served to which a defendant is entitled is an absolute and objective number that is established by the record, and courts have no discretion to grant a defendant

---

[8] See *Castillo-Rodriguez, supra* note 6.

[9] *State v. Rivera-Meister*, 318 Neb. 164, 14 N.W.3d 1 (2024).

[10] *Id*.

[11] See *Nelson, supra* note 2.

more or less credit than is established by the record.[12] When a trial court gives a defendant more or less credit for time served than he or she is entitled to, that portion of the pronouncement of sentence is erroneous and may be corrected to reflect the accurate amount of credit as verified objectively by the record.[13] The party advocating for a specific jail credit calculation has the burden to provide the sentencing court with a record that establishes such calculation.[14]

However, this calculation of time served shifts slightly when the situation involves two different sovereigns. In one of its leading cases on the matter, the U.S. Supreme Court explained as much in *Ponzi v. Fessenden*,[15] saying:

> We live in the jurisdiction of two sovereignties, each having its own system of courts to declare and enforce its laws in common territory. It would be impossible for such courts to fulfil their respective functions without embarrassing conflict unless rules were adopted by them to avoid it. . . . The situation requires, therefore, not only definite rules fixing the powers of the courts in cases of jurisdiction over the same persons and things in actual litigation, but also a spirit of reciprocal comity and mutual assistance to promote due and orderly procedure.

We have before commented on the application of these "rules" more specifically, saying that when separate sovereigns have jurisdiction over a person, the doctrine of primary jurisdiction allows the tribunal and sovereign that first obtained jurisdiction to continue jurisdiction until the first sovereign's jurisdiction is exhausted.[16] We further stated that the law of comity is such that the two sovereigns may decide between themselves which shall have custody of a convicted

---

[12] *Id.*

[13] *Id.*

[14] *Rivera-Meister, supra* note 9.

[15] *Ponzi v. Fessenden*, 258 U.S. 254, 259, 42 S. Ct. 309, 66 L. Ed. 607 (1922).

[16] *State v. Start*, 229 Neb. 575, 427 N.W.2d 800 (1988).

prisoner; however, the sovereign having prior jurisdiction need not waive its right to custody.[17]

Practically speaking, primary jurisdiction is acquired by the sovereign who first obtains custody of or arrests the individual,[18] and that sovereign typically maintains such jurisdiction, to the exclusion of all others, unless one of four events occurs: "1) release on bail, 2) dismissal of charges, 3) parole, or 4) expiration of sentence."[19] Even without such an occurrence, however, it is possible for another sovereign to simultaneously pursue charges against that same individual.[20] One of the ways to accomplish this is through a writ of habeas corpus ad prosequendum, as was done in this case.[21] When a defendant is transferred to another jurisdiction to face a charge, primary jurisdiction is not lost, but, rather, the defendant is considered to be "'on loan'" to the other sovereign.[22] The same applies between state and federal sovereigns.[23] While the individual is on loan, the borrowing jurisdiction has the authority to prosecute and sentence that individual, but any credit for time served does not belong to that sentence.[24]

[8] Section 83-1,106(1) explicitly mandates that credit for time served be awarded only "as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based." In explaining this language in the context of a preexisting sentence, we have stated that because credit under § 83-1,106(1) can only be given once, an offender who is in custody as a result

---

[17] *Id.*

[18] See *Ponzi, supra* note 15. See, also, *U.S. v. Cole*, 416 F.3d 894 (8th Cir. 2005); *In re Liberatore*, 574 F.2d 78 (2d Cir. 1978).

[19] *Cole, supra* note 18, 416 F.3d at 897.

[20] See *Ponzi, supra* note 15.

[21] *State v. Castillo-Rodriguez, supra* note 6.

[22] *Cole, supra* note 18, 416 F.3d at 897.

[23] *Id.*

[24] See *id.*

of a Nebraska charge, but who is also in custody due to an unrelated sentence, is not entitled to credit under § 83-1,106(1) for time that has been credited toward the other sentence.[25] In the same way, as it pertains to situations such as the one at bar, credit for time served is unavailable when the presentence incarceration is the result of a charge other than that for which the individual is being sentenced.[26]

Our case law involving similar factual situations is built on, and reflects, these principles. For example, in *State v. Leahy*,[27] we determined that the defendant was not entitled to credit for time served on his Nebraska sentence, even though he was detained and awaiting trial in Nebraska, because he had been borrowed from Colorado, where he was serving a separate sentence. Specifically, we stated that "what matters in the credit for time served analysis is not whether [the defendant] was detained in Nebraska and awaiting trial and sentencing on Nebraska charges, but, rather, whether he was forced to be in custody *because of those charges.*"[28] In that case, because the defendant was in custody for his Colorado sentence, we held that it could not be said that he was in custody because of the Nebraska charges.[29]

In *State v. Rivera-Meister*,[30] however, we held that credit for time served should have been awarded for the days the defendant was in custody in Guatemala while awaiting extradition to Nebraska, because there were no charges pending against him in Guatemala. Accordingly, the defendant was in custody only as a result of the Nebraska charges.[31]

---

[25] See *Rivera-Meister, supra* note 9.

[26] See, *Nelson, supra* note 2; *Rivera-Meister, supra* note 9; *State v. Leahy*, 301 Neb. 228, 917 N.W.2d 895 (2018).

[27] *Leahy, supra* note 26.

[28] *Id*. at 235, 917 N.W.2d at 900-901.

[29] *Leahy, supra* note 26.

[30] *Rivera-Meister, supra* note 9.

[31] *Id*.

Though the above cases are similar and comport with the governing rules of comity and primary jurisdiction, cases from other jurisdictions provide even better comparators.

For example, the Missouri Supreme Court addressed this issue in *Harkins v. Lauf*.[32] In that case, the defendant had been arrested on a state charge but released on bond. While on bond, the defendant was arrested for a federal crime and remained in custody. Under a writ of habeas corpus ad prosequendum, the state subsequently borrowed the defendant from the federal authorities for purposes of prosecution and sentencing. After sentencing in the state case, the defendant was returned to federal custody, where he remained for 31 months. After that time, the federal charges were dismissed, and the defendant argued that the 31 months spent in federal custody should be credited to his state sentence. The court disagreed. Instead, it concluded that the time served could only have been attributable to the federal charges, because the defendant was in custody for the federal charges. In doing so, the court noted that at the time the state sentence was imposed, the state did not have exclusive control over or custody of the defendant, because such primary jurisdiction belonged to the federal system. The court also disregarded any arguments regarding the fairness of the fact that there was no longer any federal sentence to which the time served could be applied, saying such arguments were unpersuasive since the "federal confinement was not related to the same offense for which appellant was sentenced in the state court."[33]

In yet another case, *Sweeney v. State*,[34] the Indiana Supreme Court reached the same conclusion. There, the defendant was arrested and charged in state court. After posting bond, he was convicted of another crime and incarcerated in federal prison. When, under a writ of habeas corpus ad prosequendum,

---

[32] *Harkins v. Lauf*, 532 S.W.2d 459 (Mo. 1976).

[33] *Id*. at 463.

[34] *Sweeney v. State*, 704 N.E.2d 86 (Ind. 1998).

the defendant was tried and sentenced in the state case and requested that the time he served in federal court be credited against his state case, the Indiana Supreme Court held that such credit was not available because he was, in fact, in custody because of the federal charges. As Indiana appellate courts have explained in subsequent cases on the same issue, a writ of habeas corpus ad prosequendum functions only as a "'transport order'" and not a basis upon which an individual can accrue credit for time served.[35] Combined, the above cases[36] stand for the proposition that, for purposes of calculating credit for time served, when a prisoner is borrowed from another jurisdiction on a writ of habeas corpus ad prosequendum, the time served should be credited to the sovereign with primary jurisdiction, and not to the borrowing jurisdiction.

Applying those principles here, we cannot conclude that Leatherwood was entitled to any credit for time served on

---

[35] See *Alvarez v. State*, 147 N.E.3d 374, 376 (Ind. App. 2020).

[36] See, *Ruggliano v. Reish*, 307 F.3d 121, 125 n.1 (3d Cir. 2002), *superseded by statute as stated in Blood v. Bledsoe*, 648 F.3d 203 (3d Cir. (2011) ("[f]or the purposes of computing [the defendant's] sentence . . . the time spent in federal custody pursuant to a writ *ad prosequendum* is credited toward his state sentence, not his federal sentence" (emphasis omitted)); *Thomas v. Whalen*, 962 F.2d 358, 361 n.3 (4th Cir. 1992) ("[a] prisoner is *not even in custody* for purposes of [calculating credit for time served] when he appears in federal court pursuant to a writ *ad prosequendum*; he is merely 'on loan' to federal authorities" (emphasis omitted)); *State v. Esposito*, 2023 WL 1830386 (Ariz. App. Feb. 9, 2023) (defendant was not entitled to credit for time served on state charges because federal charges were but-for cause of defendant's incarceration); *In re Habeas Corpus of Yoder*, 298 P.2d 1083 (Okla. Crim. App. 1956) (court concluded defendant was not wrongly returned to federal authorities after issuance of his state sentence subject to writ of habeas corpus ad prosequendum, because writ had not deprived federal authorities of jurisdiction and he was, therefore, rightly returned immediately after imposition of his state sentence); *Tucker v. Beard*, 2011 WL 10841269 at *2 (Pa. Commw. Jan. 4, 2011) ("[f]or the purpose of calculating the prisoner's sentence, the time spent in the receiving sovereign on a writ ad prosequendum is credited to the sentence of the sending sovereign" (emphasis omitted)).

his state charges. In this case, Leatherwood was arrested and detained because of the outstanding federal warrant. He was taken into custody based on that warrant, meaning the federal system was the primary jurisdiction holder. Although a state warrant was subsequently issued and a charge was filed for Leatherwood based on the drug-related crime, none of those events terminated the primary jurisdiction of the federal system. Instead, as in the cases discussed above, the State filed a writ of habeas corpus ad prosequendum, requesting that it be permitted to borrow Leatherwood for purposes of his state prosecution and sentencing. Upon receiving custody of Leatherwood, the State became the borrowing jurisdiction, empowered only with the limited purpose of prosecuting and sentencing Leatherwood. As such, throughout the course of his time in the Lancaster County jail, Leatherwood was still in custody because of the federal charges and not the state charges. The federal charges served as the basis for his detention, and had the state charges been dismissed, it would be the federal charges that would have ensured he remained incarcerated. Accordingly, accrued credit is attributable only to Leatherwood's federal sentence.

In opposing this conclusion, Leatherwood points to § 83-1,106(4) and to our holding in *State v. Mueller*[37] to argue that because there was not yet a sentence imposed in his federal case, the credit must be applied to the case at hand. In making this argument, however, Leatherwood undervalues the key differences between his case and *Mueller*.

In *Mueller*, we held that the defendant was entitled to credit on his Nebraska sentence for 91 days of time served in Wyoming. The first distinction between *Mueller* and the present case, however, is that in *Mueller*, Nebraska had filed a hold, or a detainer, on the prisoner to be effectuated once Wyoming had exhausted its remedy. We have previously

---

[37] *State v. Mueller*, 301 Neb. 778, 920 N.W.2d 424 (2018), *modified on denial of rehearing* 302 Neb. 51, 921 N.W.2d 584 (2019).

explained that a detainer is not equivalent to, and has a different legal effect from, a writ of habeas corpus ad prose-quendum.[38] Second, in *Mueller*, the State did not object to the defendant's receipt of credit for the 91 days spent in custody in Wyoming. That is not the case here.

## CONCLUSION

For the foregoing reasons, we determine that the district court did not err in declining to award credit for time served in Leatherwood's state case. Accordingly, we affirm.

Affirmed.

---

[38] See *Williams*, *supra* note 5.