(990 P.2d 765)

No. 81,965

STATE OF KANSAS, *Appellee,* v. THEODORE J. COOPER, *Appellant.*

Opinion filed October 8, 1999.

*Brent Getty,* assistant appellate defender, and *Jessica R. Kunen,* chief appellate defender, for appellant.

*Michelle M. Sehee,* assistant district attorney, *Nola Foulston,* district attorney, and *Carla J. Stovall,* attorney general, for appellee.

Before GERNON, P.J., MARQUARDT, J., and ROGG, S.J.

MARQUARDT, J.: Defendant Theodore J. Cooper seeks credit for time he spent incarcerated in Florida before his extradition to Kansas. He was charged with four counts of forgery in 1989. When he did not appear for a court hearing, an alias warrant was issued. He was then charged with failure to appear. In July 1997, Cooper was arrested in Florida on the warrant in Kansas. He resisted extradition from July 22 until October 22, 1997. Upon his return to Kansas, he pled no contest to the charges against him. He was sentenced to 1-to 2-year terms of imprisonment on each count. The sentences were to be served concurrently. Cooper was placed on probation, which was subsequently revoked.

Cooper requested credit for the time he spent incarcerated in Florida. The State argued that he should not be credited with this time because he was fighting extradition. The trial judge denied Cooper's request. Cooper appeals.

In *State v. Thorn,* 1 Kan. App. 2d 460, 463, 570 P.2d 1100 (1977), this court noted that the legislative intent in K.S.A. 21-4614 is "to give criminal defendants sentenced to incarceration credit for all time spent in custody on the charge for which they are sentenced. The statute places no limits, conditions or discretion upon the grant of credit." Although the State distinguishes *Thorn,*

stating that it did not involve a prisoner fighting extradition, the legislative intent is clear. A criminal defendant who resists extradition while incarcerated on a charge for which that defendant is later sentenced is entitled to credit for the time spent in custody. See K.S.A. 21-4614; K.S.A. 21-4614a.

The State did not dispute Cooper's assertion that he was incarcerated solely on the charges in Kansas. Therefore, the trial court did not have discretion. Cooper is entitled to credit against his sentence for the time he was incarcerated in Florida.

Reversed and remanded to the trial court for computation of Cooper's sentence giving him credit for the time he was incarcerated in Florida.