Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
12/06/2024 09:08 AM CST

State of Nebraska, appellee, v.
Ryan D. Rivera-Meister, appellant.
___ N.W.3d ___

Filed December 6, 2024.    No. S-24-168.

1. **Sentences: Appeal and Error.** Whether a defendant is entitled to credit for time served and in what amount are questions of law, subject to appellate review independent of the lower court.

2. ____: ____. An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court.

3. **Judgments: Words and Phrases.** An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence.

4. **Sentences: Statutes.** The calculation and application of credit for time served is controlled by statute, and different statutes govern depending on whether the defendant is sentenced to jail or prison.

5. **Sentences.** Due to the mandatory "shall" language used in Neb. Rev. Stat. § 83-1,106(1) (Reissue 2014), the statute mandates that credit for time served must be given for time spent in custody on a charge when a prison sentence is imposed for a conviction of such charge.

6. **Sentences: Records.** The amount of credit for time served to which a defendant is entitled is an absolute and objective number that is established by the record, and courts have no discretion to grant a defendant more or less credit than is established by the record.

7. **Sentences: Records: Proof.** The party advocating for a specific jail credit calculation has the burden to provide the sentencing court with a record that establishes such calculation.

8. **Sentences: Extradition and Detainer.** Nothing in the plain text of Neb. Rev. Stat. § 83-1,106(1) (Reissue 2014) authorizes a sentencing court to withhold credit for time spent in custody on a charge for which the offender is sentenced merely because the offender was extradited.

9. **Foreign Judgments: Sentences: Time.** An offender who is serving a sentence on another conviction while awaiting trial and sentencing on Nebraska charges is not entitled to credit for time served on his or her Nebraska sentences under Neb. Rev. Stat. § 83-1,106(1) (Reissue 2014).

10. ____: ____: ____. When being sentenced to prison on a Nebraska charge, an offender is entitled to credit under Neb. Rev. Stat. § 83-1,106(1) (Reissue 2014) for time spent in custody as a result of such charge, even if that custody was outside Nebraska.

11. ____: ____: ____. Because credit under Neb. Rev. Stat. § 83-1,106(1) (Reissue 2014) can only be given once, an offender who is in custody as a result of a Nebraska charge, but who is also in custody serving an unrelated sentence, is not entitled to credit under § 83-1,106(1) for time that has been credited toward the sentence.

12. **Sentences: Records.** When a trial court gives a defendant more or less credit for time served than he or she is entitled to, that portion of the pronouncement of sentence is erroneous and may be corrected to reflect the accurate amount of credit as verified objectively by the record.

13. **Sentences: Appeal and Error.** An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court.

14. ____: ____. Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors, as well as any applicable legal principles in determining the sentence to be imposed.

15. **Sentences.** In determining a sentence to be imposed, relevant factors customarily considered and applied are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime.

Appeal from the District Court for Hall County, ANDREW C. BUTLER, Judge. Affirmed as modified.

Matthew J. McDonald, of Nebraska Commission on Public Advocacy, for appellant.

Michael T. Hilgers, Attorney General, and P. Christian Adamski for appellee.

Funke, C.J., Miller-Lerman, Cassel, Stacy, Papik, and Freudenberg, JJ.

Stacy, J.

After pleading no contest to one count of attempted intentional child abuse resulting in death, Ryan D. Rivera-Meister was sentenced to a prison term of 40 to 50 years and was given credit for 706 days spent in a Nebraska jail prior to sentencing. In this direct appeal, he contends his sentence was excessive and he seeks an additional 266 days of credit for time spent in custody in Guatemala awaiting extradition to Nebraska. On appeal, the State agrees he was entitled to additional credit under Neb. Rev. Stat. § 83-1,106(1) (Reissue 2014). Because the record establishes that Rivera-Meister was entitled to additional credit, we modify the sentence accordingly. We otherwise affirm.

## BACKGROUND

In August 2016, the 16-month-old child of Rivera-Meister's girlfriend was fatally injured while in Rivera-Meister's care. Rivera-Meister called the 911 emergency dispatch service and told first responders the child fell and struck his head jumping from a bunk bed. Treating doctors opined that the child's injuries were inconsistent with such a fall, and an autopsy concluded the child died from abusive closed head injuries.

### Criminal Charge, Extradition, and Plea

In 2017, prosecutors in Hall County charged Rivera-Meister with intentional child abuse resulting in death, a Class IB felony,[1] and a warrant was issued for his arrest. Law enforcement eventually located Rivera-Meister living in Guatemala, and in June 2021, he was taken into custody by Guatemalan authorities and held for extradition to Nebraska. On March 23, 2022, he was returned to Nebraska and lodged in the Hall County jail on the subject charge. Rivera-Meister was

---

[1] Neb. Rev. Stat. § 28-707(8) (Reissue 2016).

appointed counsel and bond was set, but he never bonded out of jail.

In November 2023, shortly before trial was scheduled to begin, Rivera-Meister agreed to plead no contest to an amended information charging one count of attempted intentional child abuse resulting in death, a Class II felony.[2] In exchange, the State agreed not to file additional criminal charges and agreed to withdraw pending motions to revoke Rivera-Meister's probation in several unrelated cases. The district court accepted the no contest plea and found Rivera-Meister guilty of attempted intentional child abuse resulting in death. A presentence investigation report (PSR) was ordered, and the matter was set for sentencing.

Pursuant to § 83-1,106(1), an offender is entitled to credit against the sentence imposed "for time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based." The PSR included information calculating the number of days Rivera-Meister spent in custody in the Hall County jail as a result of the criminal charge in this case but did not include information about the time spent in custody in Guatemala pending extradition. The PSR did, however, contain a letter from Rivera-Meister, stating he was "picked up in Guatemala in June of 2021" and he "sat in prison there until March of 2022 when [he] came [to] Hall County." The PSR also contains a letter from defense counsel, stating:

> I included the arrest warrant for [Rivera-Meister] showing he was arrested after he arrived back at the airport in [Nebraska] from his extradition on March 23, 2022. By the time of sentencing on February 26, 2024, [Rivera-Meister] will have spent 705 days in jail in Nebraska, not counting the day of sentencing. [Rivera-Meister] also tells you [in his letter] he was arrested for his extradition in Guatemala in June 2021. . . . Counting the time spent in custody in Guatemala and on his way

_____

[2] Neb. Rev. Stat. § 28-201(4)(a) (Reissue 2016).

back to Nebraska he spent an additional 266 days starting on June 30, 2021, until March 23, 2022, in custody, for a total of 971 days we are asking the court to award him credit for.

### SENTENCING AND CREDIT FOR TIME SERVED

At the sentencing hearing on February 26, 2024, the parties agreed that Rivera-Meister was entitled, under § 83-1,106(1), to 706 days of credit for the time he spent in custody in Nebraska on the criminal charge in this case. But Rivera-Meister argued he was also entitled to credit for the 266 days spent in custody in Guatemala awaiting extradition on the charge, arguing he was in custody in Guatemala during that time only as a result of the Nebraska charge.

To support the request for additional credit, defense counsel relied on the letters in the PSR describing the time Rivera-Meister spent in custody in Guatemala. Counsel also provided the court with an additional letter from the "Guatemala National Police," written in Spanish. When the court asked defense counsel to offer a translation of the letter "as an officer of the court," counsel replied that the letter stated Rivera-Meister had no criminal record in Guatemala. The State did not object to the letter or dispute its translation. The court accepted the letter and stated on the record that it would be made part of the PSR.[3]

The State offered no evidence contradicting Rivera-Meister's assertion that he was in custody in Guatemala only as a result of the criminal charge in this case, and the State advised the court that it was "not disputing the dates [or] the math" as represented by defense counsel. But the State took no formal position regarding the request for additional credit, stating instead that it "trust[ed] the Court's judgment" as to whether Rivera-Meister "should be entitled to the extra time."

---

[3] See Neb. Ct. R. § 6-1906(F) (rev. 2019) ("[i]f addenda or supplements are received by the court on the date of sentencing or disposition, then the court shall provide the original to the Probation Office as soon as practicable for inclusion in the report . . .").

After allocution, the judge stated he had reviewed the PSR, the additional materials submitted at the sentencing hearing, and the statements of the attorneys, as well as the statements of Rivera-Meister and the two individuals who submitted victim impact statements. The judge further stated that he had considered Rivera-Meister's age, mentality, education, social and cultural background, past criminal behavior, past law-abiding conduct, and motivation for the offense, as well as the nature of the offense. The judge observed that Rivera-Meister's criminal history was "lengthy" and that his explanation about how the child was injured was "hard to fathom."

The judge sentenced Rivera-Meister to an indeterminate prison term of 40 to 50 years. In addressing credit for time served under § 83-1,106(1), the judge described the issue as whether Rivera-Meister was entitled to "706 days or 971 days," explaining that the request for 971 days would include both the 706 days he was in custody in Hall County and the additional 266 days he was "in custody on this extradition." The judge then stated: "I'm not giving the 971 days of credit. I'll give you the 706. And the reason for that is it was your decision to be gone. It was your decision not to come back. It was your decision that caused this extradition to happen."

Rivera-Meister filed this timely appeal, which we moved to our docket on our own motion.

## ASSIGNMENTS OF ERROR

Rivera-Meister assigns that the district court erred by (1) refusing to grant him an additional 266 days of credit for the time spent in custody in Guatemala awaiting extradition and (2) imposing an excessive sentence.

## STANDARD OF REVIEW

[1] Whether a defendant is entitled to credit for time served and in what amount are questions of law, subject to appellate review independent of the lower court.[4]

_____

[4] *State v. Castillo-Rodriguez*, 313 Neb. 763, 986 N.W.2d 78 (2023).

[2,3] An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court.[5] An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence.[6]

## ANALYSIS

### CREDIT FOR TIME SERVED

In his first assignment of error, Rivera-Meister argues the district court erred as a matter of law in failing to give him credit for the 266 days he spent in custody in Guatemala. The State agrees.

[4] In Nebraska, the calculation and application of credit for time served is controlled by statute, and different statutes govern depending on whether the defendant is sentenced to jail or prison.[7] Because Rivera-Meister was given a prison sentence, his entitlement to credit for time served is governed by § 83-1,106(1), which provides, in relevant part:

> Credit against the maximum term and any minimum term shall be given to an offender for time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such charge is based. This shall specifically include, but shall not be limited to, time spent in custody prior to trial, during trial, pending sentence, pending the resolution of an appeal, and prior to delivery of the offender to the custody of the Department of Correctional Services, the county board of corrections, or, in counties which do not have a county board of corrections, the county sheriff.

---

[5] *State v. Barnes*, 317 Neb. 517, 10 N.W.3d 716 (2024).

[6] *Id.*

[7] *Castillo-Rodriguez, supra* note 4; *State v. Harms*, 304 Neb. 441, 934 N.W.2d 850 (2019).

[5-7] Due to the mandatory "shall" language used in
§ 83-1,106(1), we have construed the statute to "mandate[]
that credit for time served must be given for time spent in
custody on a charge when a prison sentence is imposed for
a conviction of such charge."[8] We have recognized that the
amount of credit for time served to which a defendant is enti-
tled is an absolute and objective number that is established by
the record, and courts have no discretion to grant a defendant
more or less credit than is established by the record.[9] And we
have observed that although it is common for PSRs to include
information regarding the amount of credit to which a defend-
ant is entitled, "the party advocating for a specific jail credit
calculation has the burden to provide the sentencing court
with a record that establishes such calculation."[10]

Here, the only information the court was provided about the
time Rivera-Meister spent in custody in Guatemala was con-
tained in letters that were made part of the PSR. The State did
not object to or dispute the information contained in those let-
ters, and the court accepted and considered the information.[11]
On appeal, the State admits that "Rivera-Meister was arrested
in Guatemala based on his criminal conduct in this case"[12]
and further admits that he was held in custody in Guatemala

---

[8] *State v. Mueller*, 301 Neb. 778, 803, 920 N.W.2d 424, 442 (2018),
*modified on denial of rehearing* 302 Neb. 51, 921 N.W.2d 584 (2019).

[9] See *State v. Clark*, 278 Neb. 557, 772 N.W.2d 559 (2009).

[10] *Castillo-Rodriguez, supra* note 4, 313 Neb. at 777, 986 N.W.2d at 87.

[11] See, *State v. Lara*, 315 Neb. 856, 2 N.W.3d 1 (2024) (sentencing court has
broad discretion regarding source and type of evidence and information to
use when determining sentence, and evidence may be presented regarding
any matter court deems relevant), *cert. denied* ___ U.S. ___, 144 S. Ct.
2608, ___ L. Ed. 2d ___; *State v. Leahy*, 301 Neb. 228, 917 N.W.2d 895
(2018) (traditional rules of evidence are relaxed during sentencing phase,
and evidence may be presented on any matter court deems relevant to
sentencing).

[12] Brief for appellee at 8.

for 266 days "because of the criminal charge"[13] in this case. And we see nothing in the record suggesting that during any portion of the 266 days Rivera-Meister was in custody in Guatemala, he was also being held on other charges or was serving other sentences.

As such, on this record, the question of Rivera-Meister's entitlement to credit under § 83-1,106(1) does not turn on factual disputes about whether he was in custody in Guatemala because of the charge in this case or about how many days he spent in such custody. Instead, we are presented with a question of statutory interpretation: Under § 83-1,106(1), is an offender entitled to credit for time spent in custody in a foreign country awaiting extradition on the charge for which the prison sentence is imposed?

[8] The sentencing court denied Rivera-Meister credit for such time under § 83-1,106(1), reasoning that it was his own conduct in fleeing to Guatemala and his "decision not to come back" that made the extradition procedure necessary. But, as we explain, we see nothing in the plain text of § 83-1,106(1), or in our cases construing the statute, that authorizes a sentencing court to withhold credit under such circumstances.

Nebraska appellate courts have not yet addressed credit under § 83-1,106(1) for time spent in custody in a foreign country pending extradition to face charges in Nebraska. But several prior opinions have addressed credit under § 83-1,106(1) when an offender spends time in custody in another state as a result of a Nebraska charge, and we find those cases instructive.

In *State v. Mueller*,[14] the offender was being held in a Wyoming jail on local charges when a Nebraska arrest warrant was issued in connection with a murder investigation in Morrill County, Nebraska. Nebraska authorities placed a hold on the offender in Wyoming; 91 days later, Wyoming released the offender to Nebraska's custody, and he was detained in a

---

[13] *Id.*

[14] *Mueller, supra* note 8.

Nebraska jail pending trial on charges related to the murder. A jury found him guilty, and at sentencing, the court gave him credit for 371 days spent in custody in Nebraska but denied him credit for the 91 days spent in custody in Wyoming under the Nebraska hold. The offender appealed, arguing that under § 83-1,106, he was entitled to credit for the 91 days he spent in the Wyoming jail under the Nebraska hold.

This court agreed, reasoning that once Nebraska issued the arrest warrant and placed a hold on the offender in Wyoming, the offender was "in custody because of [the Nebraska] charges"[15] within the meaning of § 83-1,106(1), even though he was also being held on Wyoming charges. But we emphasized that if the offender "had been given credit for that time against a sentence imposed in Wyoming, it would not be available for credit against his Nebraska sentences."[16] Noting the State did not dispute that the 91 days had not been credited to a Wyoming sentence and that information in the PSR indicated no Wyoming sentence existed, we concluded it was error for the Nebraska sentencing court to deny the offender credit for the 91 days spent in custody in Wyoming as a result of the Nebraska charges.

[9] In *State v. Leahy*,[17] the offender was serving a criminal sentence in Colorado when he was charged in Nebraska with a new offense. On May 7, 2015, he was extradited to Nebraska while still serving the Colorado sentence and was held in a Nebraska jail pending resolution of the Nebraska charge. On November 28, 2016, he was granted parole on the Colorado sentence but remained in custody on the Nebraska charge. At his subsequent sentencing on the Nebraska charge, the parties agreed he was entitled to credit for the time spent in custody in Nebraska after he was paroled by Colorado, but they disputed whether he was also entitled to credit for

---

[15] *Id*. at 804, 920 N.W.2d at 442 (emphasis omitted).

[16] *Id.* at 804, 920 N.W.2d at 443 (citing § 83-1,106(4)).

[17] *Leahy, supra* note 11.

the period between May 7, 2015, and November 28, 2016 (while he was in custody in Nebraska but was still serving the Colorado sentence). We held he was not entitled to credit for that time period, reasoning that as long as he "was serving a sentence on another conviction while awaiting trial and sentencing on the Nebraska charges, he was not forced to be in custody because of the Nebraska charges and is thus not entitled to credit for time served on his Nebraska sentences under § 83-1,106(1)."[18] *Leahy* specifically recognized that the critical question for purposes of § 83-1,106(1) is not "whether [the offender] was detained in Nebraska," but, rather, is "whether [the offender] was forced to be in custody because of" the Nebraska charges.[19]

In *State v. McLeaney*,[20] the offender was serving a sentence in Missouri at the time he was brought to Nebraska on a detainer to face new charges. He was held in a Nebraska jail for 435 days awaiting resolution of the Nebraska charges but continued serving his Missouri sentence. When the offender was eventually sentenced on the Nebraska charges, he requested credit for those 435 days. The Nebraska Court of Appeals concluded he was not entitled to any credit under § 83-1,106, reasoning: "[E]ven though [the offender] was in a Nebraska jail prior to disposition of his Nebraska charges, he was not in custody because of the Nebraska charges. He was in custody because of his conviction . . . and sentence in Missouri, and any jail time credits relate solely to that Missouri sentence."[21]

[10,11] These cases illustrate two general propositions relevant to this case. First, when being sentenced to prison on

---

[18] *Id*. at 235-36, 917 N.W.2d at 901. See, also, *State v. Baker*, 250 Neb. 896, 553 N.W.2d 464 (1996) (holding defendant serving Nebraska sentence while awaiting trial on new charges not entitled to credit against sentence on new charges).

[19] *Leahy, supra* note 11, 301 Neb. at 235, 917 N.W.2d at 900-01 (emphasis omitted).

[20] *State v. McLeaney*, 6 Neb. App. 807, 578 N.W.2d 68 (1998).

[21] *Id*. at 811, 578 N.W.2d at 70-71.

a Nebraska charge, an offender is entitled to credit under
§ 83-1,106(1) for time spent in custody as a result of such
charge, even if that custody was outside Nebraska.[22] And
second, because credit under § 83-1,106(1) can only be given
once, an offender who is in custody as a result of a Nebraska
charge, but who is also in custody serving an unrelated sen-
tence, is not entitled to credit under § 83-1,106(1) for time that
has been credited toward the sentence.[23] A majority of other
jurisdictions with similar time-served statutes apply the same
principles, including in cases where the offender is in custody
pending extradition.[24] At least one jurisdiction, however, holds
that offenders in custody pending extradition are not entitled
to accrue jail credit unless they waive extradition.[25]

The record in this case contains no evidence or informa-
tion about whether Rivera-Meister waived extradition or, if
so, when, and we therefore express no opinion on whether an
offender's decision to challenge extradition affects the calcula-
tion of credit for time served. On this record, Rivera-Meister
established that he was in custody in Guatemala for 266 days
as a result of the Nebraska charges, and there was no evidence
that any of that time was credited to another sentence. He was
thus entitled under § 83-1,106(1) to credit for 266 days, and

---

[22] See, *Mueller, supra* note 8; *Leahy, supra* note 11.

[23] See, *id.*; *McLeaney, supra* note 20.

[24] See, e.g., *State v. Duran*, 158 N.H. 146, 960 A.2d 697 (2008); *Nieto v. State*, 119 Nev. 229, 70 P.3d 747 (2003); *State v. Cooper*, 26 Kan. App. 2d 557, 990 P.2d 765 (1999); *Nutt v. State*, 451 N.E.2d 342 (Ind. App. 1983); *State v. Johnson*, 167 N.J. Super. 64, 400 A.2d 516 (1979); *State v. Willis*, 376 N.W.2d 427 (Minn. 1985); *State ex rel. George v. Hunt*, 327 So. 2d 375 (La. 1976); *People ex rel. Bradley v. Davies*, 17 Ill. App. 3d 920, 309 N.E.2d 82 (1974); *People v. Havey*, 11 Mich. App. 69, 160 N.W.2d 629 (1968); *People v. Nagler*, 21 A.D.2d 490, 251 N.Y.S.2d 107 (1964).

[25] See *Com. v. Frias*, 53 Mass. App. 488, 493, 760 N.E.2d 300, 305 (2002) (judicially adopting rule that if "the defendant elects to execute a waiver of extradition, then jail time credits would begin to accrue as of that date," but if "the defendant elects to contest rendition, jail time credits do not accrue").

the sentencing court had no discretion to grant him less credit than was established by the record.[26]

[12] When a trial court gives a defendant more or less credit for time served than he or she is entitled to, that portion of the pronouncement of sentence is erroneous and may be corrected to reflect the accurate amount of credit as verified objectively by the record.[27] We therefore modify the sentence to include an additional 266 days of credit for time served, for a total credit of 972 days.

SENTENCE NOT EXCESSIVE

In his second assignment of error, Rivera-Meister argues the sentence imposed was excessive. This argument lacks merit.

Rivera-Meister was convicted of a Class II felony, punishable by a minimum term of 1 year's imprisonment and a maximum term of 50 years' imprisonment.[28] The sentence of 40 to 50 years' imprisonment was thus within the statutory limits.

[13-15] An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court.[29] Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, as is the case here, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors, as well as any applicable legal principles, in determining the sentence to be imposed.[30] In determining a sentence to be imposed, relevant factors customarily considered and applied are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the

---

[26] See *Castillo-Rodriguez, supra* note 4.

[27] See *id.*

[28] Neb. Rev. Stat. § 28-105 (Reissue 2016).

[29] *Barnes, supra* note 5.

[30] *Id.*

offense and (8) the amount of violence involved in the commission of the crime.[31]

Our review of the record shows the sentencing court considered all of the relevant sentencing factors and did not consider any inappropriate factors. We find no abuse of discretion in the sentence imposed.

## CONCLUSION

On this record, the district court erred as a matter of law in failing to credit Rivera-Meister with the 266 days he spent in custody in Guatemala, but it did not abuse its discretion in sentencing him to 40 to 50 years' imprisonment. We therefore modify the sentence to give Rivera-Meister credit for a total of 972 days under § 83-1,106(1), and we otherwise affirm the conviction and sentence.

Affirmed as modified.

---

[31] *Id*.