IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. SIBAL

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

BRADLEY SIBAL, APPELLANT.

Filed January 21, 2025.    Nos. A-24-614 through A-24-616.

Appeals from the District Court for Scotts Bluff County: LEO P. DOBROVOLNY, Judge. Affirmed in part, and in part remanded with directions.

Jessica R. Meyers, Deputy Scotts Bluff County Public Defender, for appellant.

Michael T. Hilgers, Attorney General, and Melissa R. Vincent for appellee.

RIEDMANN, Chief Judge, and MOORE and ARTERBURN, Judges.

RIEDMANN, Chief Judge.

INTRODUCTION

The defendant appeals from the sentencing of the district court following his entry of no contest pleas under three separate cases. He argues the sentences imposed are excessive and constitute an abuse of discretion. While we conclude the sentences were not excessive, we find that in one of the cases the district court's written order does not accurately reflect the incarceration term orally imposed at the sentencing hearing. We affirm the pronounced sentences and remand with instructions to modify the erroneously written sentencing order to conform to the pronounced sentence.

- 1 -

BACKGROUND

Bradley Sibal was charged by information under three separate cases in the district court for Scotts Bluff County. We have granted his motion to consolidate the cases for purposes of appeal.

Under CR24-106, Sibal was charged with one count of third degree domestic assault causing bodily injury, second offense, a Class IIIA felony; one count of assault by strangulation, a Class IIIA felony; one count of terroristic threats, a Class IIIA felony; and one count of resisting arrest, second offense, a Class IIIA felony. Neb. Rev. Stat. § 28-323(1)(a) and (4) (Reissue 2016); Neb. Rev. Stat. § 28-310.01(3) (Cum. Supp. 2022); Neb. Rev. Stat. §§ 28-311.01 and 28-904(3)(B) (Reissue 2016).

Under CR24-233, he was charged with two counts of third degree domestic assault causing bodily injury-second offense; two counts of terroristic threats; two counts of assault by strangulation; one count of resisting arrest, second offense; one count of criminal mischief, property damage between $500 and $1,500, a Class II misdemeanor; and one count of willful reckless driving, a Class III misdemeanor. Neb. Rev. Stat. § 60-6,214 (Reissue 2021); Neb. Rev. Stat. § 28-519(4) (Reissue 2016).

Under CR24-266, Sibal was charged with 12 counts of protection order violation, second offense, all Class IV felonies, and one count of tampering with a witness, a Class IV felony. Neb. Rev. Stat. § 42-924(4) (Cum. Supp. 2024); Neb. Rev. Stat. § 28-919(4) (Cum. Supp. 2020).

The parties entered into a global plea agreement. The plea agreement dictated that, in exchange for Sibal's guilty or no contest pleas, the State would remain silent during sentencing and amend the charges as follows. Under CR24-106, charges were amended to one count of third degree domestic assault causing bodily injury, second offense; one count of terroristic threats; and one count of resisting arrest, second offense. Under CR24-233, one count of third degree domestic assault causing bodily injury, second offense. And under CR24-266, two counts of protection order violation, second offense. Also, although not included in this appeal, we note the State agreed to dismiss the entirety of a county court case filed against Sibal, wherein he was charged with approximately 35 counts of violation of a protection order. The State entered amended informations amending the charges to conform with the plea agreement.

At the plea hearing, the State informed the court that Sibal had four prior convictions of third degree domestic assault causing bodily injury, three prior convictions of violating a protection order, and one prior conviction for resisting arrest, thereby providing grounds for the enhancement of some amended charges to second or subsequent offenses. Sibal entered no contest pleas to charges in the amended informations and the State gave the following recitation of the factual basis for the charges.

Under CR24-106, on February 3, 2024, police were called to Sibal's apartment following a neighbor's report of a domestic assault in progress. Officers made contact with Sibal, who was extremely intoxicated, and the victim, T.N. Officers noticed injuries on the victim, and recognized Sibal from prior domestic assault incidents. Eventually, T.N. reported that she and Sibal had been dating since August 2023 and he had choked, punched, and bitten her. When police subsequently arrested Sibal, he physically struggled and threatened to strangle and kill an officer.

Under CR24-233, Sibal was arrested in April 2024 and during a subsequent interview of T.N., she informed officers of a previously unreported assault occurring on February 18, during which Sibal pulled some of her hair out, punched her in the face, broke her nose, and choked her. During this assault, Sibal was driving and started speeding toward an intersection while telling T.N. "he was going to kill them both." Sibal drove the vehicle into a ditch, and a friend came to assist in towing the vehicle. This friend later informed police that he had noticed T.N. was bleeding from her mouth and nose and was swollen, but Sibal did not have any injuries.

Under CR24-266, the State alleged, after Sibal's April 2024 arrest, T.N. applied for a domestic abuse protection order, which was granted and served on Sibal. After being served, Sibal proceeded to call T.N. from jail over 1,100 times in violation of the "no contact" provision.

Following the State's recitation of facts, the district court found it was sufficient to support the charges. The court found Sibal's pleas were entered freely, voluntarily, and intelligently and found him guilty of the charges set forth in the amended information. Sentencing was scheduled and a presentence investigation report (PSR) was ordered to be completed.

Consecutive sentencing hearings occurred on July 16, 2024, and the district court sentenced Sibal as follows. In CR24-106, wherein Sibal was convicted of three Class IIIA felonies, he was ordered to serve two terms of 1 year's incarceration and 18 months' post-release supervision. These two sentences were ordered to run concurrent to one another and consecutive to another sentence of 3 years' incarceration with 6 days' credit for time served and 18 months' post-release supervision.

Under CR24-233, having been convicted of another Class IIIA felony, Sibal was sentenced to 36 months' incarceration and 12 months' post-release supervision. And in CR24-266, having been convicted of two Class IV felonies, he was sentenced to 6 months' incarceration on each charge; these sentences were ordered to run concurrently to one another and consecutive to the sentences imposed under CR24-233 and CR24-106.

Sibal now appeals the sentences imposed by the district court.

## ASSIGNMENTS OF ERROR

Sibal assigns as error, restated, the district court's sentences in all three cases, although within the statutory limits, are excessive and constituted an abuse of discretion.

## STANDARD OF REVIEW

A sentence imposed within the statutory limits will not be disturbed on appeal in the absence of an abuse of discretion by the trial court. *State v. Morton*, 310 Neb. 355, 966 N.W.2d 57 (2021).

## ANALYSIS

*Sentences Not Excessive.*

Sibal assigns the district court abused its discretion in imposing excessive sentences. We disagree.

Class IIIA felonies are punishable by a maximum of 3 years' imprisonment and 18 months' post-release supervision, a $10,000 fine, or both. See Neb. Rev. Stat. § 28-105 (Reissue 2016). Class IV felonies are punishable by a maximum of 2 years' imprisonment and 12 months'

post-release supervision, a $10,000 fine, or both. See *id*. Sibal's sentences are within the statutory ranges. He nonetheless argues they are excessive and constitute an abuse of discretion.

In determining a sentence to be imposed, relevant factors customarily considered and applied are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *State v. Rivera-Meister*, 318 Neb. 164, 14 N.W.3d 1 (2024). An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *Id*.

At the sentencing hearings, the court made clear that it considered the information contained in the PSR. The court noted the significant amount of violence involved in the commission of these offenses and acknowledged Sibal's lengthy criminal history of charges related to assaults and protection order violations.

Upon our review of the PSR, we note that Sibal's past domestic partners had all filed protection orders against him and that Sibal had previously been given probation in prior cases, which he did not complete successfully. Sibal had scored in the "very high" risk to reoffend range, and that his criminal history, family and marital, companions, alcohol and drugs, procriminal attitude orientation, and antisocial patterns were all in the "very high" category as well. It also reported the results of Sibal's Substance Abuse Questionnaire, in which he had scored in the "maximum" range for alcohol abuse, violence, antisocial behavior, and stress coping. Additionally, we note the PSR stated Sibal was not a candidate for probation.

At the sentencing hearing for CR24-233, the court specifically found Sibal was "dangerous to young women that [he] has a relationship with." Prior to imposing sentencing, the court found, in all three counts, that a lesser sentence than imprisonment would depreciate the seriousness of these offenses or promote disrespect for the law. The court stated it believed Sibal was in need of treatment that can best be provided in a correctional setting where he is not free to leave. It also found the risk was substantial during a period of probation that Sibal would engage in additional criminal conduct, and he could not safely and effectively be supervised in the community, and substantial and compelling reasons existed to deny probation.

At the subsequent sentencing hearing, the court informed it had carefully considered the statutory sentencing factors and reviewed the PSR. It noted that the amount of violence involved in CR24-233 was "atrocious," and that the facts were "disturbing to say the least." Further, the court indicated it had considered that Sibal had been given probation on prior offenses and was not successful in any probation attempts. Also, prior to imposing sentencing, the court observed it had interacted with Sibal "on a number of occasions" and that Sibal becomes "a person that is . . . dangerous [to] this community" when he drinks alcohol.

Our review of the record shows the sentencing court considered the relevant sentencing factors and did not consider any inappropriate factors. We also note that Sibal's sentences were the result of an extremely favorable plea agreement wherein 18 felony and 2 misdemeanor charges were dismissed, as well as the entirety of the county court case wherein Sibal was charged with approximately 35 felonies. The sentences imposed are not excessive and we find no abuse of discretion by the district court.

*Discrepancy Between Oral and Written Sentencing Order.*

In its brief, the State notes that the district court's written sentencing order in CR24-266 conflicts with its oral pronouncement. The district court's written sentencing order provides Sibal is to serve one term of 6 months' incarceration and one term of 36 months' incarceration, rather than the two 6-month terms orally imposed at the sentencing hearing.

A sentence validly imposed takes effect from the time it is pronounced, and any subsequent sentence fixing a different term is a nullity. *State v. Sullivan*, 313 Neb. 293, 983 N.W.2d 541 (2023). When a sentence orally pronounced at the sentencing hearing differs from a later written sentence, the oral pronouncement prevails. See *State v. Street*, 306 Neb. 380, 945 N.W.2d 450 (2020). It is plain error if a written judgment is not made to conform to the pronounced judgment, and in such circumstances, the written judgment should be modified to conform to the pronounced sentence. See *id.*

Because the district court orally pronounced a valid sentence, the oral pronouncement controls. Thus, we remand CR24-266 with directions to modify the district court's written sentencing order to reflect the imposition of two 6-month terms of incarceration orally pronounced during the sentencing hearing. See *State v. Street, supra.*

## CONCLUSION

For the forgoing reasons, we affirm Sibal's pronounced sentences and remand CR24-266 to the district court with instructions to modify the written sentencing order to conform to the pronounced sentence.

AFFIRMED IN PART, AND IN PART
REMANDED WITH DIRECTIONS.