IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. MILLER

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

EMMITT J. MILLER, APPELLANT.

Filed June 10, 2025.    No. A-25-008.

Appeal from the District Court for Lancaster County: KEVIN R. MCMANAMAN, Judge. Affirmed.

Timothy P. Sullivan, of Sullivan Law, for appellant.

Michael T. Hilgers, Attorney General, and Teryn Blessin for appellee.

RIEDMANN, Chief Judge, and MOORE and ARTERBURN, Judges.

MOORE, Judge.

## I. INTRODUCTION

Emmitt J. Miller appeals from his plea-based conviction in the district court for Lancaster County of first degree sexual assault, for which he was sentenced to a term of 30 to 37 years' imprisonment. Miller claims on appeal that he was denied the effective assistance of trial counsel and that the district court abused its discretion by imposing an excessive sentence. We affirm.

## II. STATEMENT OF FACTS

On October 12, 2023, Miller was charged by complaint in Lancaster County Court with first degree sexual assault, a Class II felony, and generation of child pornography (age 19 or over), a Class ID felony. The case was subsequently bound over to district court where Miller was charged by information with identical counts.

- 1 -

At a plea hearing held on October 30, 2024, the district court stated its understanding that Miller would be withdrawing his previously entered pleas of not guilty and entering a plea of no contest to one count of first degree sexual assault, in exchange for the State's dismissal of the other count, which Miller affirmed. Miller was arraigned by the State, explaining the factual allegations and the possible penalties, all which Miller indicated he understood. Miller then entered a plea of no contest.

The district court thoroughly advised Miller of his various constitutional rights, and Miller affirmatively indicated that he understood his rights and that he was freely and voluntarily waiving his rights. The court also advised Miller of the collateral consequences of a felony conviction, which Miller indicated he understood. Miller also affirmed that he understood the nature of the charge against him and the possible penalties of entering his plea.

The State provided a factual basis which established that in June 2023, Miller, who was then 23 years old, had subjected a 13-year-old girl to penile-vaginal intercourse.

The district court asked Miller if he had received any promises, threats, or inducements regarding his no contest plea, which Miller denied. Miller also affirmed that he had enough time to discuss his case and any defenses with his attorney and was satisfied with the advice and representation given by his attorney.

The district court found beyond a reasonable doubt that Miller fully understood his rights and freely and voluntarily waived them; that he was acting voluntarily; that he fully understood the charge against him and the consequences of his plea; that his plea was made freely, voluntarily, knowingly, and intelligently; and that there was a sufficient factual basis for the court to accept the plea. The State moved to dismiss the remaining count in the information, which the court granted.

A sentencing hearing was held on December 5, 2024. The district court noted that it had reviewed the completed presentence investigation report (PSR), and it heard remarks from counsel and Miller. The court sentenced Miller to a term of 30 to 37 years' imprisonment with 417 days' credit for time served.

Miller appeals.

## III. ASSIGNMENTS OF ERROR

Miller assigns that his trial counsel was ineffective because (1) his trial counsel changed midway through the case; and (2) Miller relied on trial counsel's suggestions regarding a sentence. Miller also assigns that the district court abused its discretion by imposing an excessive sentence.

## IV. STANDARD OF REVIEW

Whether a claim of ineffective assistance of counsel may be determined on direct appeal is a question of law. *State v. Clark*, 315 Neb. 736, 1 N.W.3d 487 (2024). In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance. *Id.*

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Rivera-Meister*, 318 Neb. 164, 14 N.W.3d 1 (2024).

An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id.*

## V. ANALYSIS

### 1. INEFFECTIVE ASSISTANCE OF COUNSEL

Through different counsel, Miller contends that his trial counsel provided ineffective assistance in two ways. When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record; otherwise, the issue will be procedurally barred in a subsequent postconviction proceeding. See *State v. Clark, supra*. However, the fact that an ineffective assistance of counsel claim is raised on direct appeal does not necessarily mean that it can be resolved. *Id.* The determining factor is whether the record is sufficient to adequately review the question under the standard of review previously noted. *Id.* The record is sufficient if it establishes either that trial counsel's performance was not deficient, that the appellant will not be able to establish prejudice as a matter of law, or that trial counsel's actions could not be justified as a part of any plausible trial strategy. *Id.*

Generally, to prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. See *State v. Clark, supra*. To show that counsel's performance was deficient, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *Id.* When a conviction is based upon a guilty or no contest plea, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading guilty. See *State v. Anthony*, 29 Neb. App. 839, 961 N.W.2d 545 (2021). A reasonable probability is a probability sufficient to undermine confidence in the outcome. See *State v. Clark, supra*.

### (a) Change in Representation

Miller asserts that "the change of attorneys affected his choices of going to trial or accepting a plea[.]" Brief for appellant at 21. Miller makes no argument regarding how a change in his representation rises to the level of ineffective assistance of trial counsel or affected his decision to plead no contest.

To be considered by an appellate court, an alleged error must be both specifically assigned and specifically argued. *State v. Boppre*, 315 Neb. 203, 995 N.W.2d 28 (2023). Conclusory assertions unsupported by coherent analytical argument fail to satisfy the requirement of arguing an assigned error to obtain consideration by an appellate court. *Id.* Therefore we do not consider this claim of ineffective assistance of trial counsel.

### (b) Failure Regarding Imprisonment Suggestion

Miller next asserts that he relied upon trial counsel's representations that his sentence would be substantially less if he entered a plea. He also contends that based on the timing of trial

counsel's submission of argument and mitigating documentation, these items could not have been reviewed by the district court prior to Miller's sentencing.

This claim is affirmatively refuted by the record. At the plea hearing, the State informed Miller of the possible penalties of a Class II felony, which he affirmed he understood. Miller also affirmed to the district court that he understood the possible penalties of entering his plea. The district court asked Miller if anyone had made any promises to him as to what his actual sentence would be, and Miller answered no.

Additionally, though the type of "mitigating documentation" Miller is referring to is unclear, at the sentencing hearing, the district court stated that Miller's trial counsel had supplied additions to the PSR including a letter from Miller, Miller's transcript of voluntary programming completed during his incarceration, educational transcripts, and letters of support by his family members and a counselor who had been working with Miller since his incarceration. The record demonstrates that these additions were included into the PSR and considered by the district court. Miller has failed to show that his trial counsel was deficient in this regard. See *State v. Vanderpool*, 286 Neb. 111, 835 N.W.2d 52 (2013).

2. EXCESSIVE SENTENCE

Miller also claims that the district court abused its discretion when it imposed an excessive sentence.

Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. See *State v. King*, 316 Neb. 991, 7 N.W.3d 884 (2024). In determining a sentence to be imposed, relevant factors customarily considered and applied are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *Id.* The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id.*

Miller was convicted of first-degree sexual assault, a Class II felony. A Class II felony is punishable by a maximum of 50 years' imprisonment and a minimum of 1 year imprisonment. See Neb. Rev. Stat. § 28-105 (Cum. Supp. 2022). Miller's sentence of 30 to 37 years' imprisonment is within the statutory limit.

Miller nevertheless claims that the district court abused its discretion, arguing that the court failed to adequately consider Miller's limited criminal history, his recidivism risk scores, his rehabilitative efforts since his incarceration, and his family support.

The PSR shows that Miller was 25 years old at the time the report was prepared, was single with two children, and had graduated from high school. Miller reported that he had participated in various programing while he was incarcerated and awaiting sentencing and a transcript reflecting that Miller had completed 40 courses on topics such as substance abuse recovery and anger management was included in the PSR. As noted above, letters of support by Miller's family members and a counselor were also included in the PSR.

Miller's criminal history included convictions of possession of marijuana (1 ounce or less) and possession or use of drug paraphernalia in 2018; and convictions of driving under suspension, having an open container, and failure to appear in 2022. All of these convictions resulted in the imposition of fines. During the presentence interview, Miller reported that he was under the influence of methamphetamine and cocaine, and potentially heroin, at the time of the present offense.

On the Level of Service/Case Management Inventory, Miller scored in the overall high risk to reoffend category. Miller was also administered the Vermont Assessment of Sex Offender Risk and the Sex Offender Treatment and Progress Scale; instruments designed to assess risk for sexual and violent recidivism. Miller scored in the moderate high risk range, and the moderate risk range, respectively.

At the sentencing hearing, the district court indicated that it had reviewed the statutory factors as well as the PSR, which contained the mitigating factors argued by Miller. The court noted Miller's "selfish actions, totally disregarding the harm to a child. And the safety of the community is very, very important in this case." The court found that imprisonment of Miller is necessary for the protection of the public because the risk is substantial that during any period of probation, Miller would engage in additional criminal conduct, and a lesser sentence would depreciate the seriousness of Miller's crime and promote disrespect for the law.

The district court considered the appropriate sentencing factors in imposing sentence. We find no abuse of discretion by the district court in the sentence imposed.

## VI. CONCLUSION

We find that Miller failed to sufficiently argue his allegation that his trial counsel was ineffective by changing midway through his case, however, the record is sufficient to review, and reject, his remaining allegation of ineffective assistance of trial counsel. The sentence imposed was not excessive. We affirm Miller's conviction and sentence.

AFFIRMED.