IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. RICHARDSON

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

JEFFREY S. RICHARDSON, APPELLANT.

Filed December 23, 2025.    No. A-24-886.

Appeal from the District Court for Douglas County: JEFFREY J. LUX, Judge. Affirmed.

Brian S. Munnelly for appellant.

Michael T. Hilgers, Attorney General, and Teryn Blessin for appellee.

PIRTLE, BISHOP, and FREEMAN, Judges.

BISHOP, Judge.

## INTRODUCTION

Jeffrey S. Richardson appeals from the Douglas County District Court's order revoking his probation and sentencing him to an aggregate of 2 years' imprisonment. He asserts that the district court abused its discretion by imposing an excessive sentence and that his trial counsel was ineffective in various ways. We affirm.

## BACKGROUND

On April 20, 2021, the State filed a two-count information charging Richardson with "Assault DV 3rd Degree 2nd Offense," a Class IIIA felony, and terroristic threats, a Class IIIA felony.

### UNDERLYING CONVICTIONS AND INITIAL SENTENCE OF PROBATION

On October 6, 2023, pursuant to a plea agreement, an amended information was filed charging Richardson with two counts of "Violation of Protection Order – 1st Offense," both Class

I misdemeanors. At a plea hearing that same day, Richardson entered pleas of no contest to both counts and requested, through trial counsel, to move to immediate sentencing without a presentence investigation. In exchange for Richardson's pleas, the State recommended a sentence of 12 months' probation.

Richardson expressed his comprehension when the district court informed him of the various constitutional rights he would waive by entering his no contest pleas. According to the State's factual basis, a domestic violence investigation was launched in December 2020 in Douglas County, Nebraska, "based on reports initially made by" a female victim with whom Richardson had previously been in a relationship. On December 10, 2021, the Lancaster County District Court entered an ex parte domestic abuse protection order against Richardson. The order prohibited him from "telephoning, contacting, or otherwise communicating with" the victim. Richardson was served with proper notice of the protection order. The protection order was thereafter affirmed and remained "in full force and effect for a period of one year from the date" it was issued. "[B]etween March 1st and June 11th of 2022," the victim reported Richardson had contacted her "via telephone as well as through an intermediary third-party that was recorded in part in a jail call," in violation of the protection order.

The district court accepted Richardson's no contest pleas, finding them to be freely, intelligently, voluntarily, and understandingly entered. The court then found him guilty of the two counts in the amended information.

Richardson requested the district court to move directly to sentencing. He exercised his right to allocution, telling the court that he "intend[ed] to go along with the probation recommendation." However, he did alternatively request that "probation not be ordered," due to the circumstances surrounding the case. Richardson recounted several mitigating factors, including the fact that he spent "14 days in jail," the "extraordinarily long time" it took to resolve the matter, and that he was subject to "probation-type conditions" while released on bond. Richardson also told the court that he had "a couple different lucrative job offers" and wanted a "fresh start" "out of Nebraska." He asserted probation would hinder his capacity to travel. The State maintained that 12 months' probation was an appropriate sentence.

The district court acknowledged that the "case ha[d] taken a while" and that Richardson had been "respectful" of the court and its bond conditions. After stating on the record that it had considered the factors set forth in Neb. Rev. Stat. § 29-2260 (Reissue 2016) and *State v. Thurman*, 273 Neb. 518, 730 N.W.2d 805 (2007), the court sentenced Richardson to 12 months' probation.

Richardson did not appeal his convictions or the sentence of probation.

STATE'S MOTION TO REVOKE PROBATION AND RESENTENCING

After Richardson entered his pleas, the district court entered a formal probation order that included several conditions. On July 2, 2024, the State filed a motion to revoke Richardson's probation. The motion alleged Richardson had violated the following conditions: "[c]ondition #1," "[o]bey . . . the laws of any state"; "[c]ondition #3," "[r]eport as directed by . . . the probation officer"; "[c]ondition #5," "[o]btain and maintain suitable employment"; "[c]ondition #8," "[a]bstain from the use or possession of alcohol and controlled substances . . . and submit to random chemical testing"; and "[c]ondition #10," "[p]ay a $30 Probation Administrative Enrollment fee."

On October 25, 2024, a hearing on the State's motion to revoke probation was held. At the outset of the hearing, Richardson, through trial counsel, indicated he was prepared to admit certain allegations in the State's motion, to waive a presentence investigation, and to proceed to immediate sentencing. The State clarified that "no plea agreement [was] in place," but indicated that if Richardson decided to admit certain allegations "through his own choice," the State would "deal with the repercussions."

The district court informed Richardson of all the rights he had in connection with revocation proceedings, and he affirmed his understanding. Richardson then admitted to violating conditions 3 and 8 of the court's probation order. The State provided a factual basis supporting the violations, and the court accepted Richardson's admissions, finding them to be freely, intelligently, voluntarily, and understandingly made.

The district court then heard statements from Richardson's trial counsel, Richardson himself, and the State. Trial counsel argued the violations Richardson admitted to were "not egregious" and pointed out that he had already served 138 days. Trial counsel urged the court to adopt "a time-served sentence of 138 days" and asked that any sentences imposed by the court run concurrently.

Richardson personally addressed the district court and asked it "to take note" "of the unusually long amount of time" that the "case played out." He explained that he was "under bond conditions for well over two years before" probation, which "was followed up by seven months of formal probation." Richardson argued he had "essentially" "served about three years of probation related" to the case. Richardson also agreed with his trial counsel that the violations of probation were not "egregious" and went on to dispute some of the specific allegations in the State's motion to revoke probation. He concluded by saying:

> So I just would ask that with the long amount of bond conditions, with the seven months of probation which I was complying with, I was -- I was gainfully employed, you know, I -- I was proactive, I would just ask that I would get time served and those to be run concurrent because I don't feel like I absconded.

The State noted that although Richardson had "chosen by his own volition to" admit certain violations, his choice did not "obviate" or "eliminate" the other alleged violations found in the motion to revoke. The State urged the district court to consider those unadmitted allegations as "aggravat[ing]" factors. Counsel for the State also read from a report authored by Richardson's supervision officer. According to the letter, Richardson "made minimal efforts to participate in programming," "blame[d] others for his situation," and was arrested on charges of third-degree domestic assault on July 1, 2024. According to the State, Richardson had previous convictions for a "domestic assault violation" and "theft by deception." The State concluded by requesting a "consecutive jail sentence."

Before pronouncing sentence, the district court stated on the record that it considered the factors set forth in § 29-2260, along with Richardson's age, mentality, education and experience, social and cultural background, past criminal record or record of law abiding conduct, the motivation for the offenses, the nature of the offenses, and the amount, if any, of violence involved in the commission of the offenses. The court also noted the original sentence of probation was "very reasonable" and that by placing Richardson on probation, it had "vouch[ed]" for him to "go

out and be back in society." The court was also cognizant of Richardson's recent arrest for domestic assault.

The district court ordered that the terms of probation for both counts were "terminated unsatisfactorily." It proceeded to sentence Richardson to 1 year of imprisonment for each of his initial convictions, with the sentences to run consecutively. Richardson was given credit for 138 days served.

Richardson appeals.

## ASSIGNMENTS OF ERROR

Richardson assigns, restated, that his trial counsel was ineffective for failing to (1) request discovery, (2) properly advise him of his right to a speedy trial, (3) consult with him about the evidence in his case, and (4) properly instruct the district court concerning credit for time served before his initial pleas and sentence of probation. He also assigns that the district court abused its discretion by imposing an excessive sentence after the court revoked his probation.

## STANDARD OF REVIEW

A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law. *State v. Reames*, 308 Neb. 361, 953 N.W.2d 807 (2021).

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Rivera-Meister*, 318 Neb. 164, 14 N.W.3d 1 (2024). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, or evidence. *Id.*

## ANALYSIS

### INEFFECTIVE ASSISTANCE OF COUNSEL

All of Richardson's assignments of error regarding the ineffective assistance of his trial counsel relate to purported omissions leading up to his underlying convictions and sentence on October 6, 2023. He specifically asserts his trial counsel was deficient for failing to request jail phone calls, which Richardson "was told would be used against him and factored into the consideration of whether or not to take the plea offer." Brief for appellant at 13. He contends that trial counsel was ineffective for failing to "request exculpatory discovery" and failing to "discuss the details of the case before the plea." *Id*. Richardson also claims that trial counsel failed to properly advise him about his right to a speedy trial and to provide him with the "information necessary to make an informed decision as to whether to continue the case for a plea or a trial." *Id*. at 15. He states that he "did not know that by asking to continue the pretrials he was extend[ing] his speedy trial clock each and every time." *Id*. He next asserts that trial counsel failed "to properly consult with him before entering into the plea agreement." *Id*. Finally, he contends that trial counsel failed "to effectively consult" with him "concerning the credit for time served issue and effectively represent [him] during [the] plea and sentencing phase of the case." *Id*. at 16-17. He claims that when he was placed on probation, "his credit for time served was calculated incorrectly." *Id*. at 17. He argues that trial counsel's failure "to discuss the credit for time served part of the case before the plea is supported by the current record and trial counsel's actions could not be justified as part of any plausible trial strategy." *Id*.

All of Richardson's claims of trial counsel's deficient performance relate to alleged omissions occurring prior to or contemporaneously with the initial plea hearing and sentencing hearing, which resulted in Richardson's convictions and the order of probation. However, Richardson did not appeal from that order and cannot now raise claims related to that underlying conviction and sentence on appeal from the subsequent order revoking his probation.

A probation order is a final, appealable order. *State v. Englehart*, 231 Neb. 579, 437 N.W.2d 468 (1989). It is a "fundamental principle" of the criminal law that "[t]he need for finality in the criminal process requires that a defendant bring all claims for relief at the first opportunity." *State v. Parnell*, 294 Neb. 551, 578, 883 N.W.2d 652, 672 (2016). The Nebraska Supreme Court has made clear that in an appeal of an order revoking probation, a party may not attack an aspect of their underlying conviction. See *State v. Roberts*, 304 Neb. 395, 934 N.W.2d 845 (2019). See, also, Neb. Rev. Stat. § 25-1912 (Cum. Supp. 2024) (appeal from final order must be filed within 30 days); *State v. Englehart, supra* (following revocation of probation, defendants claimed their guilty pleas to original charge were not knowingly, voluntarily, and intelligently made and that trial counsel was ineffective; however, alleged errors which occurred during original proceedings could not be attacked on appeal from probation revocation).

Permitting Richardson to challenge his convictions by arguing they were the result of the ineffective assistance of counsel in an appeal from an order revoking his probation would encourage "parties to make an end run around the normal deadline for filing a notice of appeal." *State v. Roberts*, 304 Neb. at 401, 934 N.W.2d at 849. Because Richardson's claims of ineffective assistance of trial counsel are untimely, we lack jurisdiction to address them.

EXCESSIVE SENTENCE

In his remaining assignment of error, Richardson claims the district court abused its discretion by imposing an excessive sentence after revoking his probation.

Neb. Rev. Stat. § 29-2268(1) (Cum. Supp. 2024) permits a court, upon determining that a probationer has violated a condition of probation, to "revoke the probation and impose on the offender such new sentence as might have been imposed originally for the crime of which he or she was convicted." After Richardson voluntarily admitted to two probation violations, he was sentenced to an aggregate of 2 years' imprisonment. Richardson was originally convicted of two counts of "Violation of Protection Order – 1st Offense," Class I misdemeanors. A Class I misdemeanor is punishable by a minimum of no imprisonment and a maximum of not more than 1 year of imprisonment, a $1,000 fine, or both. See Neb. Rev. Stat. § 28-106 (Reissue 2016). Richardson's sentences are within the statutory guidelines. Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant facts as well as any applicable legal principles in determining the sentence to be imposed. *State v. Rivera-Meister, supra*.

In determining a sentence to be imposed, relevant factors customarily considered and applied are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *Id.* The appropriateness of a sentence is necessarily a subjective

judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *State v. Ezell*, 314 Neb. 825, 993 N.W.2d 449 (2023). Generally, it is within a trial court's discretion to direct that sentences imposed for separate crimes be served either concurrently or consecutively. *Id.* For a defendant who has been sentenced consecutively for two or more crimes, we generally consider the aggregate sentence to determine if it is excessive. *Id.*

On appeal, Richardson argues the district court did not give him "any credit" for the factors set forth in § 29-2260. Brief for appellant at 17. Although he concedes that the court "stated on the record that" it "considered the factors set forth in" § 29-2260, Richardson avers the court "did not discuss how" it "applied those factors." Brief for appellant at 19. However, it is well-settled that a sentencing court is not required to articulate on the record that it has considered each sentencing factor and to make specific findings as to the facts that bear on each one. See *State v. Earnest*, 315 Neb. 527, 997 N.W.2d 589 (2023).

Here, the district court stated on the record that it "considered the factors set forth in" § 29-2260, "as well as" Richardson's "age; mentality; education and experience; social and cultural background; past criminal record or record of law abiding conduct; the motivation for the offenses; the nature of the offenses; and the amount, if any, of violence involved in the commission of the offenses." It heard statements from both Richardson's trial counsel and from Richardson himself. The court also expressed its belief that the original sentence of probation was "very reasonable" and that by placing Richardson on probation, it was "vouching" for him to "go out and be back in society." Despite this leniency, Richardson had been arrested on new domestic assault charges. Having reviewed the record, we cannot say the court abused its discretion in resentencing Richardson, especially considering the court's original sentence of probation.

CONCLUSION

For the foregoing reasons, we affirm the district court's order revoking Richardson's probation and sentencing him to an aggregate of 2 years' imprisonment.

AFFIRMED.